IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT THOMAS,                                )<br>                                               )<br>              Plaintiff,                       )<br>                                               )<br>     v.                                        )<br>                                               )<br>PARTHA GHOSH, in his individual )<br>capacity as Medical Director;   )<br>KEVIN C. HALLORAN, in his indi- )<br>vidual capacity as CEO of Wex-  )<br>ford Health Source, Inc.; RODGER)<br>WALKER JR. in his individual    )<br>capacity as IDOC Director; and  )<br>MELONY J. FORD, in her indivi-  )<br>dual capacity as ARB Coordinator)<br>TERRY L. McCANN, in his indivi- )<br>dual capacity as Warden of SCC; )<br>LATANYA WILLIAMS, in her indivi-)<br>dual capacity as Physician's    )<br>Assistant; TAMMY GARCIA, in her )<br>individual capacity as Grievance)<br>Officer at SCC.                 )  | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>**08CV4644**<br>**JUDGE GOTTSCHALL**<br>**MAG. JUDGE SCHENKIER** |

COMPLAINT

INTRODUCTION

This is a complaint for actual and punitive damages brought under 42 U.S.C. §1983, in connection with the deliberate indifference to plaintiff Robert Thomas' medical needs by the defendants. Plaintiff Thomas is a prisoner confined at Stateville Correctional Center, whom sustained a "non-de-minimis" finger injury. The unnecessary delay of 107 days to obtain an xray resulted in subtantial damage to plaintiff's finger, resulting in two corrective surgery attempts to correct the deformity. The defendant's deliberate indifference to plaintiff Thomas' medical needs violates his Eighth Amendment's prohibition against cruel and unusual punishment.

- 1 -

# I.

## JURISDICTION

1.   The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq.

2.   The court also has jurisdiction over plaintiff Thomas' state-law claims, pursuant to 28 U.S.C. §1367.

# II.

## VENUE

3.   This is an appropriate venue because all of the acts alleged herein occurred within the County of Will, State of Illinois.

4.   All of these acts alleged herein were in the course and scope of their employment and under the color of law.  These defendants are sued in their individual capacities.

# III

## PARTIES

5.   Plaintiff Robert Thomas, was at all relevant times, incarcerated at Stateville Correctional Center in Joliet, IL.

6.   Defendant Partha Ghosh was at all relevant times, acting under the color of law, as a licensed medical doctor in the State of Illinois, and employed by the Illinois Department of Corrections, [hereinafter referred to as IDOC], is sued in his individual capacity.

7.   Defendant Kevin C. Halloran was at all relevant times, Chief Executive Officer of Wexford Health Sources, Inc. [hereinafter referred to as Wexford], which provides comprehensive health care

services (including medical, mental health, dental, pharmacy and utilization management services) to Stateville Correctional Center, while acting under the color of law. He is sued in his individual capacity.

8. Defendant Rodger E. Walker Jr. was at all relevant times acting under color of law as the Director and employed by IDOC. He is responsible for conditions and operations at Stateville Correctional Center. See 730 ILCS 5/3-7-2(a). Defendant Walker is the final policy maker for IDOC. He is sued in his individual capacity.

9. Defendant Melony J. Ford was at all relevant times acting under the color of law as Coordinator/Chairperson of the Administrative Review Board [hereinafter referred to as ARB], works in concert with defendant Walker regarding inmate issues. Defendant Ford is employed by IDOC snd she is a decision maker for defendant Walker. She is sued in her individual capacity.

10. Defendant Terry L. McCann was at all relevant times acting under the color of law as Warden of Stateville Correctional Center, and employed by IDOC. He is responsible for the conditions and operations at the facility: See 730 ILCS 5/3-7-2a. Defendant McCann is sued in his individual capacity.

11. Defendant Tanya Williams was at all relevant times acting unsed the color of law, as physician's assistance at Stateville Correctional Center, is employed by the IDOC and contracted through Defendant Halloran's business, Wexford Health Source, and is being sued in her individual capacity.

12. Defendant Tammy Garcia was at all relevant times acting under color of law, as Grievance Officer at Stateville

- 3 -

Correctional Center, employed by IDOC. Defendant Garcia is sued in her individual capacity.

## IV.

### FACTUAL ALLEGATION

13. On August 15, 2006, plaintiff Thomas sustained injuries to his right-ring finger, when his finger was accidently caught in his cell door as it was closing. Plaintiff Thomas finger became swollen and throbing with pain, achieving comfort and relief by soaking finger in cold water.

14. Plaintiff Thomas decided to endure the excruciating pain and permit the swelling to go down and it would heal itself. It was not until the swelling subsided when plaintiff Thomas clearly noticed the deformity of his finger. The tip of his finger was bent upward and the fingernail engorged with bruised blood, which gave the fingernail a blackened appearance.

15. Plaintiff Thomas showed his deformed finger to Sgt. T. Jones requesting to see a Medical Technician, plaintiff was assured that a call would be made to the HCU, this was to no avail.

16. On Friday, August 25, 2006, at approximately 6;45 p.m., my cell partner, Charles McLaurin's prescribed medication was delivered to the cell by Mrs. Friar, Med Tech. Plaintiff Thomas showed her his injured finger and she stated 'your finger is broken' and assured plaintiff that he will be escorted to the HCU the following day, Saturday.

## V.

### COUNT ONE

Defendant's Deliberate Indifference

17.    Plaintiff Thomas incorporates by reference paragraphs 1-17 as though fully set forth in Count I.

18.    On August 26, 2006, plaintiff was taken to the Health Care Unit Emergeny Room, plaintiff's finger was examined and evaluated by defendant Williams.  Upon observing plaintiff's injured finger she stated that 'it appears to be broken'.  Defendant Williams told plaintiff that she was ordering an xray, that on Monday, August 28, 2006, I would be transported to CRC to have my fingered xrayed.

19. Stateville Correctional Center does not have on-site radiologist or equipment.  If an xray is essential, the inmate is transported to the Classification-Reception Center located just beyond Stateville's perimeter.

20.    Suresh Gondalia, Medical Technician placed a splint on plaintiff's finger.  She was convinced after observing it, the deformed the finger was broken.

21.    Plaintiff patiently awaited to be transported to CRC for an xray in a promptly manner to avoid any further damage to his finger.

22.    On September 4, 2006, plaintiff Thomas was being writted to the U of I Hospital in Chicago for a different matter. Prior to leaving the institution, plaintiff requested c/o Hughes, transportation officer, after showing him my finger and stating 'how could I possibly be taken to a hospital and not get my finger xrayed while there',  Plaintiff asked c/o Hughes to return to the HCU and ask Dr. Ghosh to order to enable my finger to be xrayed while being at the hospital.  He declined, stating that it

- 5 -

was not listed in the paperwork that he possessed.

23.  On September 25, 2006, plaintiff Thomas was once again writted to the U of I Hospital in Chicago for further liver diagnosis. Once again, an futile attempt was made to request a transportation officer to either obtain paperwork from Dr. Ghosh, or take me to the Emergency Room at U of I Hospital.  Everyone I showed my injured finger to declared that it "was obviously broken" but if they did not have the paperwork, they cannot assist me in this matter.

24.  The following day, I prepared a Grievance (complaint) and placed it into my counselor's hand.  [See  Attachments, Thomas' Grievance].  I also prepared a letter to Defendant Ghosh bringing this irregularity to his immediate attention. [See Attachments].

25.  On October 9, 2006, Defendant Ghosh wrote a Memorandum to my counselor, Chris Cannon stating that "a pass has been issued to bring the offender to HCU for evaluation". [See Attachment]. The same evening, I received through institutional mail, a pass for lab work regarding my upcoming Hypertension Clinic appointment. The lab pass was for October 10, 2006. [See Attachments].

26.  On October 17, 2006, Defendant Tammy Garcia, Grievance Officer, without any investigation into plaintiff Thomas' claim of being deprived of an x-ray of his injured finger in a timely fashion, conceded with Defendant Ghosh and replied "Per Dr. Ghosh, Medical Director:  A pass has been issued to bring the offender to the HCU for evaluation.  It appears that his grievance has been resolved." [See Attachments]. In doing so, defendant Garcia acted under the color of law depriving plaintiff Thomas of proper

- 6 -

medical care, and violating the Eighth and Fourteenth Amendment
in the process.

27. On October 17, 2006, Defendant Terry L. McCann, Warden
signed-off on my grievance, stating that he received it on that
date and concurred with the Defendant Garcia's decision regarding
my blatant denial of prompt and proper medical care. Defendant
McCann acted under the color of law, in his official and individual
capacity "duplicated" Defendant Garcia's erroneous response
alleging that "the matter has been resolved – being that a pass
was issued for plaintiff Thomas". Neither defendants called,
checked or investigated whether or not defendant Ghosh actually
provided appropriate medical care to resolve plaintiff Thomas'
medical matter. Defendant McCann violated the Eighth and Fourteenth
Amendment in the process.

28. On October 19, 2006, Chris Cannon, Counselor, somehow
responded to plaintiff Thomas' grievance [See Attachments] stating
the identical response of Defendant Garcia and McCann. It is quite
clear that Counselor Cannon made his response after Defendants
Garcia and McCann response, in direct conflict with the sequence
order and criteria. The Chief Administrator Officer, in this
matter, Defendant McCann renders the final decision at Stateville
Correctional Center.

29. On October 23, 2006, I appealed the Defendant's decision
to the Administrative Review Board for relief.

30. On October 26, 2006, plaintiff Thomas was escorted to
the HCU for lab work (pre-surgery for scheduled transjugular
liver biopsy), while at the HCU, he ran into Suresh Gondalia, Med
Tech, whom expressed surprise when plaintiff Thomas told her that

- 7 -

his injured finger was not x-rayed yet.

31.   On November 27, 2006, plaintiff Thomas was escorted to the HCU for Defendant Ghosh's clinic appointment, regarding his liver ailment.  Plaintiff Thomas told Defendant Ghosh that he had written to him, filed a grievance because his finger is damaged, and fractured.  That defendant Williams seen his injured finger on August 26, 2006, and prescribed an x-ray to be taken at CRC. Defendant Ghosh stated that Defendant "Williams cannot order an x-ray for me".  Thomas further explained that due to his blatant error stating that he was issuing a pass for me and that the matter is resolved, I was deprived of prompt medical care and resulted in my finger being deformed.

32.   Plaintiff Thomas asserts that Defendant Ghosh, as each defendant in the aforegoing complaint, has showed deliberate indifference to his medical needs, and acted in the color of law, deprived plaintiff Thomas prompt and proper medical care, violating the Eighth and Fourteenth Amendment in the process.

33.   On Wednesday, November 29, 2006, plaintiff Thomas was finally transported to CRC to have an x-ray taken of his right ring finger.  It took approximately 104 days to obtain an x-ray to determine the damage of my injured finger.

34.   Each defendant that observed plaintiff Thomas' right-ring finger automatically felt that  his finger was severely damaged as required (non de minimis)   to comply with the criteria needed to establish "a serious injury" which defendants showed deliberate indifference to Thomas' medical needs.

35.  On December 5, 2006, plaintiff Thomas forwarded a letter to Defendant Ghosh regarding the november 29, 2006 x-rays taken of my injured finger.  Whether a medical plan or procedure would be initiated in this matter.  plaintiff received no response. (See Attachments).

36.  On April 27, 2007, plaintiff Thomas received through the institutional mail, the decision regarding the appeal of Grievance #1354.  Defendant Melony J. Ford, concurred with Defendant Garcia and McCann's concurrance of Defendant Ghosh's 'erroneous statement' that the matter has been resolved, a pass was sent for plaintiff to be evaluated.  In addition, Defendant Walker Jr. concurred with Defendant Ford's decision, each defendant's adverse decision blatantly deprived plaintiff Thomas of proper medical care. (See Attachments... letter dated 01-25-07 from Defendant Ford).

37.  At a minimum, if either defendant would have investiga-ted my claim, rather than take Defendant Ghosh's statement at face-value, they would have easily discovered that 'the matter was not  resolved, nor was a pass sent to plaintiff in this regard'.  In fact, plaintiff finger was not x-rayed until November 29, 2006.

38.  On March 16, 2007, plaintiff Thomas forwarded a letter to Defendant Ghosh "once again" in an attempt to obtain information regarding the results of the xrays taken on 11-29-06, and whether a plan will be rendered to correct the deformity in plaintiff's finger.  Received no response. [See Attachments].

39.  Plaintiff Thomas contends that Defendant Kevin C. Halloran, acted under the color of law, in his official and individual capacity, knew of plaintiff's injury and failed to

contact the other defendants involved, after being contacted by
plaintiff regarding his damaged finger, attempting to remedy this
situation and avoid any possible future damage to plaintiff's finger.

40.    As a result of the defendants' reckless, callous,
grossly negligent and exhibited deliberate indifference to plain-
tiff Thomas' medical needs, and the unnecessary delay in obtaining
an xray, from August 15th up until November 29th, gave cause for
plaintiff to undergo two unsuccessful surgical procedures to
reconstruct his right ring finger.  Plaintiff Thomas finger is
presently in a cast.  A third attempt to correct the deformity is
being considered by the orthopedic doctors. SEE ATTACHMENT,  The
surgeries took place on November 5, 2007 and February 25, 2008,
performed at the University of Illinois Hospital in Chicago.


## VI.
### Defendant's Knowledge

41.    Plaintiff Thomas incorporates by reference paragraphs
4-40 as though fully set forth in this Count I.

42.    Plaintiff Thomas contacted defendant Ghosh on numerous
occassions regarding his erroneous response to plaintiff's grievance
requesting an xray.  SEE ATTACHMENTS.  Records clearly show that
defendant Ghosh stated that the offender will be sent a pass for
evaluation, and the matter is resolved.  A pass was not sent,
causing me to endure pain and anquish until November 25, 2006,
when I was finally face-to-face with defendant Ghosh enabling me
to show him my deformed finger and explain that he did not follow-
up on ordering an xray to determine the damage of my finger.

43.    Plaintiff Thomas contacted defendant Walker Jr. in a

- 10 -

letter dated 10-18-06, bringing to defendant Walker's immediate
attention the irregularities taken place here at Stateville
Correctional Center regarding plaintiff's inability to obtain
prompt medical care.  That defendant Walker acted under the color
of authority of the law of the State of Illinois, or in active
concert  with such defendants who are or were so acting when he
concurred with their erroneous response to plaintiff's grievance.

44.  Defendant Walker failed to adhere to Section 504.850
of the Illinois Administrative Code, which states in pertinent part;
Section 504.850 Appeals

> b.  The Director shall review the grievance and
> the responses of the Grievance Officer and
> Chief Administrative Officer and
> determine whether the grievance requires a hearing
> before the Administrative Review Board....

45.  Defendant Walker, Ford, McCann, Ghosh, Halloran and
Garcia's inexcusable behavior constitutes deliberate indifference
to plaintiff Thomas' medical needs and violating his Eighth
Amendment right to cruel and unusual punishment.

46.  Defendant Kevin C. Halloran, Chief Executive Officer
of Wexford Health Sources, Inc. was contacted by plaintiff Thomas
in a letter dated 11-06-06 in a last ditch effort in obtaining
an xray to determine the extent of damage involving his deformity
whether surgery is needed, requested defendant Halloran's assistance
in obtaining prompt medical care at a facility that is contracted
through his business.  SEE ATTACHMENTS.  Defendant Halloran did
not respond to plaintiff's communication.

47.  Defendant Melody J. Ford, Chairperson/Coordinator of
the Administrative Review Board was contacted by plaintiff Thomas

- 11 -

Defendant Walker Jr. duties and responsibilities as the
Director of IDOC includes, but not limited to 730 ILCS 5/3-8-8 which
provides as follows.

> § 3-8-8.  Grievances. (a) The Director shall
> establish procedures to review the grievances
> of committed persons.  The Director may esta-
> blish one or more administrative review boards
> within the Department to review grievances. A
> committed person's right to file grievances
> shall not be restricted.  Such procedure shall
> provide for the review of grievances by a per-
> son or persons other than the person or persons
> directly responsible for the condition or actions
> against which the grievance is made.
>
> (b)  Such procedures shall provide that a record
> of such grievance and any decision made with res-
> pect to it shall be preserved for a period of one
> year.
>
> (c)  Such procedure shall allow committed persons
> to communicate grievances directly to the Director
> or some person designated by the Director outside
> of the institution or facility where the person
> is confined.
>
> (d)  All committed persons shall be informed of
> the grievance procedure established by the Depart-
> ment and they shall be available to all committed
> persons.
>
> (e)  Discipline shall not be  imposed because of
> the grievance procedure.

In accordance with 730 ILCS 5/3-8-8(a) and (c), defendant
Walker Jr., and his subordinate defendants, Ford and McCann, were
aware of plaintiff Thomas' injury and undue delay of proper
medical care, either through communications through the mail or
the grievance system in which defendant Walker Jr. has the final
judgement.  Furthermore, defendant Walker Jr., and defendant
Halloran, CEO of Wexford [whom plaintiff Thomas contacted via
mail] were joined together through a binding two-year contract.
violating plaintiff Thomas' constitutional Eighth Amendment right.

in a letter dated 10-20-06, whereas plaintiff appealed the adverse
erroneous decisions of Defendants Ghosh, Garcia, Williams and
McCann in compliance with Section 504.850, which states in perti-
nent part.

Section 504.850    Appeals

> a.  If, after receiving the response of the Chief
>     Administrative Officer, the offender stills
>     feels that the problem, complaint or grie-
>     vance has not been resolved to his or her
>     satisfaction, he or she may appeal in writing
>     to the Director within 30 days after the
>     decision.  Copies of the grievance officer's
>     report and chief administrative officer's
>     decision should be attached.

48.  Thus, defendant Ford rendered a decision acting under
the color of the law deprived plaintiff of prpmpt medical care by
'rubber-stamping' defendants McCann, Garcia, Ghosh aand Williams
erroneous response to plaintiff's medical needs.  This inexcusable
behavior constitutes deliberate indifference to his medical needs
and in violation of the Eighth Amendment of the United States
Constitution.

49.  Defendants McCann and Garcia were aware of plaintiff's
grievance regarding this matter, and failed to properly review
his complaint prior to conceding someone other than themselve's
version of events and responses thereto.  Had either defendant
simply telephoned defendant Ghosh or the HCU and inquire whether
there was a follow-up to my medical needs as Dr. Ghosh proclaimed
in his response to my grievance, they would have discovered that
I was never seen, and my finger probably would not be as damaged
as it presently is.  their actions were deliberate difference to
plaintiff's medical need, while acting under color of law, violated
his Eighth Amendment right as guaranteed by the U.S. Constitution.

- 12 -

50.  At all times relevant herein, Defendants have acted under the color of authority of the law of the State of Illinois or in active  concert with such Defendants who are or were so acting.

### VII.

### Exhaustion

51.  Plaintiff Thomas filed his initial grievance on September 26, 2006, siad grievance was numbered as 1354.  Defendant Ghosh responded to the grievance on October 9, 2006 and the Grievance Officer, Defendant Garcia responded on October 17, 2006, and Defendant McCann did so also on that date.  Counselor Cannon somehow  responded on October 19, 2006 and plaintiff Thomas appealed these adverse decisions on October 20, 2006 to the ARB. On January 25, 2007, the ARB denied plaintiff relief. SEE ATTACHMENTS.

### VIII.

### Cause of Action

52.  Plaintiff Thomas support the following claims by reference to the previous paragraphs of this complaint.

### COUNT I

53.  The delibereate indifference of the defendant Ghosh's blatant denial of plaintiff Thomas medical need, the three and a half month delay in obtaining an xray to determine the extent of his injury, resulted in substantial damage to plaintiff's finger, including, but not limited to, plaintiff's inability to bend his finger, the pain and anquish involved in undergoing two surgical procedures, and is scheduled for another corrective surgical procedure

- 13 -

54.   Defendant Ghosh prevented plaintiff Thomas from obtaining an xray for 107 days, his erroneous response to plaintiff's grievance was concurred to by all the remaining defendants, their deliberate indifference to plaintiff Thomas' medical needs violates the Eighth Amendment of the United States Constitution.

IX

Prayer for Relief

WHEREFORE, plaintiff Robert Thomas respectfully prays that this Court will grant him relief, due to defendants' reckless indifference to his medical needs which deprived him of prompt and proper medical care, resulting in plaintiff's inability to bend or use hisright ring finger. Plaintiff's right-ring finger will not bend.  Plaintiff has underwent two corrective surgery procedures in a futile attempt to correct the deformity.  His finger is presently in a cast, another surgical procedure is being comtemplated.

Plaintiff Thomas prays that this Court will grant him actual and punitive damages, as follows;

A.   Defendant Ghosh in the amount of $50,000 for compensatory damages, and 75,000 in punitive damages.

B.   Defendant Halloran, in the amount of 50,000 for compensatory damages, and $75,000 in punitive damages;

C.   Defendants Walker Jr., Ford, McCann, Garcia and Williams, in the amount of $20,000 for compensatory damages, and $40,000 in punitive damages from each defendant.

respectfully submitted,

Robert Thomas

Robert Thomas N53969
Stateville Correctional Center
post Office Box 112
Joliet, Illinois 60434-0112

DATED;  August 8, 2008        - 14 -

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT THOMAS,                          )
                                        )
                    Plaintiff,          )
                                        )
    v.                                  )      Civil Action No. _____
                                        )
PARTHA GHOSH, et al.,                   )
                                        )
                    Defendants,         )

## ATTACHMENTS

Contents                                              Pages

1.  Plaintiff's Grievance filed 09-26-06                   1-2

2.  Plaintiff's letter to Dr. Ghosh regarding xray 09-26-08   3

3.  Affidavit of inmate McLaurin, plaintiff's cellmate        4

4.  Plaintiff received in mail from counselor, original griev.
    and copy of Memorandum from Dr. Ghosh.                 5-7

5.  Copy of the ONLY HCU pass received in month of October    8

6.  Plaintiff's letter to Director of IDOC, dated 10-18-06    9

7.  Letter to ARB c/o Defendant Ford, appealing adverse
    grievance decision, including documents.  10-20-06    10-21

8.  Copy of HCU pass for lab work on 10-30-06                22

9.  Plaintiff letter to Defendant Halloran, CEO of Wexford
    requesting assistance in obtaining medical treatment   23-24

10. Copy of HCU pass for Dr. Ghosh's Clinic on 11-27-06      25

11. Copy of HCU pass for xray for 11-29-06                   26

12. Copy of Dr. Ghosh Memorandum of 10-09-06                27

13. Copy of Defendants Garcia and McCann's response to
    plaintiff's grievance, dated 10-17-06                   28

14. Plaintiff's to Dr. Ghosh regarding xray, dated 12-05-06  29

15. Defendant Ford (ARB) decision on appeal, dated 01-25-2007  30

16. Letter to Dr. Ghosh regarding results of xray, 03-16-07  31

17. U of I Hospital Medical Records regarding finger injury  32-59

OFFENDER'S GRIEVANCE

| Date SEPT. 26, 2006 | Offender (Please Print) ROBERT THOMAS | | ID# N53969 |
|---|---|---|---|
| Present Facility: STATEVILLE | | Facility where grievance issue occurred: STATEVILLE | |

NATURE OF GRIEVANCE:

<table>
<tr><td>☐ Personal Property</td><td>☐ Mail Handling</td><td>☐ Restoration of Good Time</td><td>☐ Disability</td></tr>
<tr><td>☐ Staff Conduct</td><td>☐ Dietary</td><td>☒ Medical Treatment</td><td>☐ HIPAA</td></tr>
<tr><td>☐ Transfer Denial by Facility</td><td>☐ Transfer Denial by Transfer Coordinator</td><td></td><td>☐ Other (specify)</td></tr>
<tr><td>☐ Disciplinary Report:</td><td>___/___/___<br>Date of Report</td><td></td><td>Facility where issued</td></tr>
</table>

Received
Grievance Office

OCT 1 2 2006

STA. 1354

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance:  On Tuesday, August 15, 2006, while closing my celldoor

I injured my right ring finger.  My finger became swollen and my

my fingernail had bruised blood in it.  I experienced a huge amount

of pain.  I soaked my finger in cold water for a substantial amount of

time .  I was waiting to catch a Med Tech on the gallery, but never

did.  Thereafter, the prison was on lockdown.  During this period, I

continued soaking my hand and taking aspirin that were previously

prescribed to me to relieve the pain.  The swelling disappeared,

clearly showing a disformity in my finger.  On August 25, 2006, a

Med Tech delivered precription medication to my cellmate and I [continue]

Relief Requested:  TO HAVE MY FINGER X-RAYED AS SOON AS POSSIBLE TO DETERMINE

THE DAMAGE AND OBTAIN THE PROPER MEDICAL ATTENTION IN A

TIMELY FASHION.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self

| Robert Thomas | N53969 | 9 . 26 . 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

| Counselor's Response (if applicable) |
|---|

Date Received: ___/___/___

☐ Send directly to Grievance Officer        ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: _____

RECEIVED

SEP 27 2006

STATEVILLE CORRECTIONAL CENTER
HEALTH CARE UNIT ADMIN. OFFICE

| Print Counselor's Name | Counselor's Signature | Date of Response |
|---|---|---|

---

| EMERGENCY REVIEW |
|---|

Date Received: ___/___/___

Is this determined to be of an emergency nature?

☐ Yes: expedite emergency grievance
☐ No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | Date |
|---|---|

Distribution: Master File; Offender                Page 1                DOC 0046 (Rev. 3/2005)

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

showed her my deformed finger.  She told me that I would be
called to the Health Care Unit the following day.  On August 26,
2005, I went to the H.C.U. Emergency Room and the doctor had a
splint placed on my finger, gave me some Ibupobens and scheduled
me to be taken to NRC to have an xray taken because there is no
available xray technician at Stateville Correctional Center, nor
does the xray machine works properly.  I WAS NOT taken to NRG to
obtain an xray.  As a matter of fact, I have been writted TWICE
to the U. of I. Hospital for liver testing since this incident
occurred, on Septmeber 18th and 25th, 2006.  I asked transportation
officers could they return to the Health Care Unit and ask if I
could be taken to the Emergency Room at U. of I. Hospital while
we were there.  I was told that if they did not have "paperwork"
for me go to the Emergency Room, they cannot take me there.  At
this hour, I still have not had an xray to determine WHY my right
ring finger is deformed as it is.

      According to Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285,
50 L.Ed.2d 251 (1976), my Eighth Amendment rights are being
violated.  The U.S. Supreme Court In Estelle stated:

      "[D]eliberate indifference to serious medical needs of
      prisoners constitutes the "unnecessary and wanton inflic-
      tion of pain" proscribed by the Eighth Amendment.  This
      is true whether the indifference is manifested by
      prison doctors in their response to the prisoner's need
      or by prison guards in intentionally denying or delaying
      access to medical care or intentionally interfering with
      the treatment once prescribed.  Regardless of how
      evidenced, deliberate indifference to a prisoner's
      serious illness or injury states a cause of action
      under §1983."

      I intend to file civil actions in this matter.

RECEIVED
SEP 27 2006
STATEVILLE CORRECTIONAL CENTER
HEALTH CARE UNIT ADMIN. OFFICE

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: SEPT. 26, 2006 | Offender: (Please Print) ROBERT THOMAS | | ID#: N53969 |
|---|---|---|---|
| Present Facility: STATEVILLE | | Facility where grievance issue occurred: STATEVILLE | |

NATURE OF GRIEVANCE:

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☒ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify)

☐ Disciplinary Report: ___/___/___
　　　　　　　　Date of Report　　　　Facility where issued

**Note.**　Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
　　　Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
　　　Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
　　　Chief Administrative Officer, only if EMERGENCY grievance.
　　　Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
　　　administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
　　　Administrative Officer.

Brief Summary of Grievance: On Tuesday, August 15, 2006, while closing my celldoor
I injured my right ring finger. My finger became swollen and my
my fingernail had bruised blood in it. I experienced a huge amount
of pain. I soaked my finger in cold water for a substantial amount of
time . I was waiting to catch a Med Tech on the gallery, but never
did. Thereafter, the prison was on lockdown. During this period, I
continued soaking my hand and taking aspirin that were previously
prescribed to me to relieve the pain. The swelling disappeared,
clearly showing a disformity in my finger. On August 25, 2006, a
Med Tech delivered precription medication to my cellmate and I [continue]

Relief Requested. TO HAVE MY FINGER X-RAYED AS SOON AS POSSIBLE TO DETERMINE
THE DAMAGE AND OBTAIN THE PROPER MEDICAL ATTENTION IN A
TIMELY FASHION.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Robert Thomas_　　　　　　　　N53969　　　　9/26/06
　Offender's Signature　　　　　　　　　ID#　　　　　　　Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9/26/06　　　☐ Send directly to Grievance Officer　　☐ Outside jurisdiction of this facility. Send to
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Administrative Review Board, P.O. Box 19277,
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Springfield, IL 62794-9277

Response: Dr. Ghosh State:
[handwritten] Offender has been given to be the
offender to HCU for evaluation.

[handwritten signature]

RECEIVED
SEP 27 2006
STATEVILLE CORRECTIONAL CENTER
HEALTH CARE UNIT ADMINISTRATION

_____　　　_____　　_____
Print Counselor's Name　　　　　Counselor's Signature　　　Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___　　Is this determined to be of an emergency nature?
　　　　　　　　　　　　　　　　☐ Yes: expedite emergency grievance
　　　　　　　　　　　　　　　　☐ No: an emergency is not substantiated.
　　　　　　　　　　　　　　　　Offender should submit this grievance
　　　　　　　　　　　　　　　　in the normal manner.

_____　　　　　　　　　　　　　　　　　___/___/___
Chief Administrative Officer's Signature　　　　　　　　　　　Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

showed her my deformed finger. She told me that I would be
called to the Health Care Unit the following day. On August 26,
2005, I went to the H.C.U. Emergency Room and the doctor had a
splint placed on my finger, gave me some Ibuprofens and scheduled
me to be taken to NRC to have an xray taken because there is no
available xray technician at Stateville Correctional Center, nor
does the xray machine works properly. I WAS NOT taken to NRC to
obtain an xray. As a matter of fact, I have been writted TWICE
to the U. of I. Hospital for liver testing since this incident
occurred, on Septmeber 18th and 25th, 2006. I asked transportation
officers could they return to the Health Care Unit and ask if I
could be taken to the Emergency Room at U. of I. Hospital while
we were there. I was told that if they did not have "paperwork"
for me go to the Emergency Room, they cannot take me there. At
this hour, I still have not had an xray to determine WHY my right
ring finger is deformed as it is.

   According to Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285,
50 L.Ed.2d 251 (1976), my Eighth Amendment rights are being
violated. The U.S. Supreme Court In Estelle stated:

   "[D]eliberate indifference to serious medical needs of
   prisoners constitutes the 'unnecessary and wanton infli-
   tion of pain' proscribed by the Eighth Amendment. This
   is true whether the indifference is manifested by
   prison doctors in their response to the prisoner's need
   or by prison guards in intentionally denying or delaying
   access to medical care or intentionally interfering with
   the treatment once prescribed. Regardless of how
   evidenced, deliberate indifference to a prisoner's
   serious illness or injury states a cause of action
   under §1983."

   I intend to file civil actions in this matter.

RECEIVED
SEP 27 2006
STATEVILLE CORRECTIONAL CENTER
HEALTH CARE UNIT ADMIN. OFFICE

September 26, 2006

TO:    Dr. Ghosh, Medical Director
       Health Care Unit

FROM:  Robert Thomas N53969
       Unit C-457

RE:    Injured Right-Ring Finger

On August 15, 2006, I injured my finger in the cell door. After the swelling went-down, I realized that my finger was broken or worse? On Friday, August 25, 2006, I finally was able to have a Med Tech examine my finger. Upon viewing the deformity, the Med Tech concluded that my finger was broken and told me that I will be placed on Sick Call to see a doctor.

On Saturday, August 26, 2006, I was taken to the HCU and a doctor examined my finger and prescribed an x-ray, had my finger placed in a splint and I was given some motrin. I was told that I would be taken to NRC that following Monday 8-28-06 to have an x-ray taken because a mental patient was already scheduled to be transported to NRC.

Approximately one (1) month has passed and I still have not had my finger x-rayed. What's troublesome to me is... I've been on a writ to the hospital in Chicago twice, and on each occassion there was no order to have my finger x-rayed or examined.

I would like to have my finger x-rayed to determine the extent of damage that has occurred. Had I received an x-ray in a timely fashion, I doubt seriously that my fionger would be deformed as it presently is.

All that is promptly rendered in regard to this matter would be appreciated greatly.

Robert Thomas N53969
Unit C-457

cc:  personal file

5

## A F F I D A V I T

I, Charles McLaurin, #N94252, being competent to make this declaration and having personal knowledge of the matter(s) stated therein, declares pursuant to 28 U.S.C.§ 1746:

1. I am presently incarcerated at the Stateville Correctional Center situated in Joliet, Illinois.

2. On August 15,2006, I was housed in Unit C, assigned to cell #457.  My cell partner, Robert Thomas, was closing the cell door on this date and accidently slammed his right ring finger between the door and door jam.  He experienced a tremendous amount of pain and began soaking his finger (Thomas) in cold water in the sink.

3. The following days, he (Thomas) constantly complained about the pain, but deeply felt that once the swelling goes down, he would be okay.  His finger remained swollen for over a week and his fingernail was filled with bruised blood.  On a couple occassions, I saw him stop a Correctional Officer and show them his finger. They would tell him that they'll call the Health Care Unit.

4. When the swelling went down, inmate Thomas right middle finger was very deformed-looking, the tip of his finger was pointing upward(s) as if it was broken.

5. On August 25,2006, Mrs.Friar, Medical Technician, (I believe) brought my prescribed medication to the cell and inmate Thomas showed her his finger and she said "its broken,  I've got to get you to the Health Care Center tomorrow morning."

Pursuant to 28 U.S.C.§ 1746, I declare under the penalty of perjury that the foregoing is true and correct.  Executed on August 3,2008.

Charles McLaurin, #N94252
affiant

4

Rod R. Blagojevich
Governor

Illinois
Department of
Corrections

**From The Desk Of**
**Mr. Cannon, Correctional Counselor**

DATE: SEP 2 7 2006

TO: D. Ghost

SUBJECT:

*Please Review and Respond.*

RECEIVED
SEP 2 7 2006
STATEVILLE CORRECTIONAL CENTER
HEALTH CARE UNIT ADMIN. OFFICE

*Notice:* I received this document from my counselor thru institutional mail on 10-20-06. This is my Original grievance (See My Signature) and the Counselor's Response is completed. See Grievance with Grievance Officer's Report and Chief Administrator's Response. there is no counselor' response.
                    R. Thomas N53969

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: SEPT. 26, 2006 | Offender: (Please Print) ROBERT THOMAS | ID#: N53969 |
|---|---|---|

| Present Facility: STATEVILLE | Facility where grievance issue occurred: STATEVILLE |
|---|---|

NATURE OF GRIEVANCE:

- [ ] Personal Property
- [ ] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [x] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify): _____

- [ ] Disciplinary Report: ___/___/___    Date of Report       Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
   administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
   Administrative Officer.

Brief Summary of Grievance: On Tuesday, August 15, 2006, while closing my celldoor I injured my right ring finger. My finger became swollen and my my fingernail had bruised blood in it. I experienced a huge amount of pain. I soaked my finger in cold water for a substantial amount of time. I was waiting to catch a Med Tech on the gallery, but never did. Thereafter, the prison was on lockdown. During this period, I continued soaking my hand and taking aspirin that were previously prescribed to me to relieve the pain. The swelling disappeared, clearly showing a disformity in my finger. On August 25, 2006, a Med Tech delivered precription medication to my cellmate and I [continue]

Relief Requested: TO HAVE MY FINGER X-RAYED AS SOON AS POSSIBLE TO DETERMINE THE DAMAGE AND OBTAIN THE PROPER MEDICAL ATTENTION IN A TIMELY FASHION.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

*Robert Thomas*      N53969      9/26/06
Offender's Signature         ID#         Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 9/26/06

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Dr Ghosh states: A pass has been issue to bring the offender to HCU for evaluation.

*CANNON*        10/19/06
Print Counselor's Name     Counselor's Signature     Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

___/___/___
Chief Administrative Officer's Signature      Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

showed her my deformed finger. She told me that I would be
called to the Health Care Unit the following day. On August 26,
2005, I went to the H.C.U. Emergency Room and the doctor had a
splint placed on my finger, gave me some Ibupobens and scheduled
me to be taken to NRC to have an xray taken because there is no
available xray technician at Stateville Correctional Center, nor
does the xray machine works properly. I WAS NOT taken to NRC to
obtain an xray. As a matter of fact, I have been writted TWICE
to the U. of I. Hospital for liver testing since this incident
occurred, on Septmeber 18th and 25th, 2006. I asked transportation
officers could they return to the Health Care Unit and ask if I
could be taken to the Emergency Room at U. of I Hospital while
we were there. I was told that if they did not have "paperwork"
for me go to the Emergency Room, they cannot take me there. At
this hour, I still have not had an xray to determine WHY my right
ring finger is deformed as it is.

According to Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285,
50 L.Ed.2d 251 (1976), my Eighth Amendment rights are being
violated. The U.S. Supreme Court in Estelle stated:

> "[D]eliberate indifference to serious medical needs of
> prisoners constitutes the "unnecessary and wanton infli-
> tion of pain" proscribed by the Eighth Amendment. This
> is true whether the indifference is manifested by
> prison doctors in their response to the prisoner's need
> or by prison guards in intentionally denying or delaying
> access to medical care or intentionally interfering with
> the treatment once prescribed. Regardless of how
> evidenced, deliberate indifference to a prisoner's
> serious illness or injury states a cause of action
> under §1983."

I intend to file civil actions in this matter.

**Rod R. Blagojevich**
Governor

**Illinois**
Department of
**Corrections**

**Roger E. Walker Jr.**
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# MEMORANDUM

Date:       October 9, 2006

To:         Cannon,
            Counselor

From:       Partha Ghosh, MD
            Medical Director

Subject:    Medical Grievance for Thomas, Robert N53969 C457

A pass has been issue to bring the offender to HCU for evaluation.


PG:jrw


Cc:   Assistant Warden Programs
      Grievance Office
      Medical Records
      File

7

## STATEVILLE CORRECTIONAL CENTER
### Notification Of Appointment to HCU

Page#_____

Name _Thomas_                Number _N53969_            Date _10/9/06_

Cell# _C457_  Time to Report _8:30_      Assignment_____

| | | | | |
|---|---|---|---|---|
| X Lab | __ X-Ray | __ Dietician | __ Seizure Clinic | __ Other |
| __ E.R. | __ OPHTH | __ Infirm Adm | __ Diabetic Clinic | |
| __ P.T. | __ ORTHO | __ M.D. in E.R. | __ Hypertensive Clinic | |
| __ OPT | __ Dental | __ Asthma Clinic | __ Infec. Control Nurse | |
| __ POD | __ Physicals | __ Surgery Clinic | __ Mental Health | |

Special Instructions:

__ NPO —(Nothing By Mouth After 12:00 Midnight)

__ I Accept This Pass_____
                        Inmate Signature

__ I Refuse This Assignment _____
                        Inmate Signature
If you are on a psychotropic medication, This will be discontinued or
Tapered off.  If you do not come to your next scheduled appointment.

__ Reason for Refusal_____

Witness_____
                CMT Signature

** If You fail to keep this appointment (NO SHOW) you will have to  **
        Re-schedule your own appointment thru the CMT.

__ No Show

Attempts to deliver this pass made at the following times:

P.N.'S_____ Reason not delivered_____

Midnights_____ Reason Not delivered _____

__ R.N. Notified of inability to deliver Pass
Signature of CMT_____ P.M._____ M.N._____ A.M.
Signature of R.N._____ P.M._____ M.N._____ A.M.

Time inmate departed Assignment_____ Officer_____
TIME Inmate arrived at HCU _____ Officer_____
Time Inmate departed HCU _____ Officer_____
Time Inmate Arrived Assignment_____ Officer_____

IL 426- DCA 2234  Revised 04/93              White-- Inmate
                                             Yellow--Provider

8

Wednesday, October 18, 2006

Rodger E. Walker Jr., Director
Administrative Review Board [ARB]
Illinois Department of Corrections
P.O.Box 19277
Springfield, Illinois  62794-9277

Re:  Inmate Robert Thomas  N53969
     Appeal of Grievance #1354
     Denial of Medical Treatment
     [Stateville]

Dear Director,

        My letter is written regarding my complaint initiated on
September 26, 2006, regarding my broken right ring finger and the
inability of Stateville staff to xray the fracture.  This blatant
denial has caused my finger to heal deformed.  I exhausted institut-
ional remedies and appeal the adverse decision to the ARB for relief.
        Briefly, on August 15, 2006, while closing the celldoor, I
accidently closed it on my finger which caused a substabtial amount
of pain, swelling and my fingernail darkened.   I soaked my finger
continuously and took Motrins that were previously prescribed for the
severe arthiritis in my left leg, to avoid the pain.  The prison went
on lockdown status, I wasn't able to show a Med Tech my finger.  On
August 25, 2006, a Med Tech delivered prescription medication to my
cellmate and I explained to the Med Tech how I injured my finger and
she examined it and told me that she would place me on sick call to
see a doctor.  The following day, a doctor evaluated my injured
finger, placed a splint on it, gave me Motrin and scheduled me to be
taken to NRC on Monday, August 28, 2006 (At this hour, I have not
received an xray on my finger)
        I've been waiting as patiently as possible to have my injured
finger x-rayed to determine why it healed deformed.  Dr. Ghosh, Medical
Director here at Stateville erroneously declared that " a pass was
being sent for me to be evaluated and the matter resolved. When in fact,
I was evaluated by Dr. Williams on August 26, 2006 and was scheduled
to be taken to CRC for x-rays of my injured finger.  At this hour, my
finger remains the same and Dr. Ghosh's respond to my grievance have
left me bewildered and confused, being that he based his professional
judgement **without** personally observing the injury.  I merely request
a proper review of my appeal.
        All that is promptly rendered in regard to this matter would
be greatly appreciated.  I await your reply.

                              Sincerely,

                              Robert Thomas
                              Robert Thomas  N53969
                              Stateville Correctional Ctr.
                              Post Office Box 112
                              Joliet, IL  60434-0112

cc: personal file            9

Chairperson
Administrative Review Board [ARB]
Office of Inmate Issues
Illinois Department of Corrections
1301 Concordia Ct., P.O. Box 19277
Springfield, Illinois 62794-9277

                          RE:    Inmate ROBERT THOMAS N53969
                                 Appeal of Grievance #1354
                                 Denial of Medical Treatment
                                 [Stateville]

Dear Chairperson,

     Enclosed with my letter is the requisite grievance form and
attached documents to initiate the appeal process in this matter
regarding the blatant denial of MEDICAL TREATMENT... failure to
obtain treatment of my right ring finger.

     The crux of my complaint derives from the staff's inadequate
manner in handling my particular situation and the unnecessary
delay stemming from this mishap.  Records would conclusive show
that an equal protection violation has manifested itself, in that
I'm being treated differently than others similarly situated and
the apparent deliberate indifference to my injury.


OCCURRANCE:

     On August 15, 2006, while  closing my cell door, my right-
ring finger was injured.  This incident caused a substantial
amount of pain. swelling and my fingernail darken.. clearly
showing bruised blood lodged within it.  Not realizing the seriousness
of my injury, I immediately begin soaking my finger in cold water
and consuming "motrins" and "aspirins" (previously prescribed for
unrelated reasons) to alleviate the pain.  The deformity of my
finger did not become noticable until after the swelling subsided.
During this period, the prison was placed on LEVEL ONE lockdown
status and sitting in a cell waiting for a Med Tech to walk the
galleries, proves to be an futile act.  On two (2) separate
occassions, the cellhouse Sargeant walked by my cell, when I
called for assistance; my call was completely ignored.  By chance,
on August 25, 2006, a Med Tech delivered prescribed medication to
my cellmate.  I explained to the Med Tech how I obtained the
injury.  Upon noticing my finger, I was told that "my finger was
broken" and that I will be placed on Sick Call list to see the
doctor at the Health Care Unit.  The following day, August 26,
2006, I was escorted to the H.C.U.  I was EXAMINED and EVALUATED
by a doctor, an x-ray was prescribed and scheduled me to be
transported to NRC Monday, August 28, 2006 to have my finger X-
rayed, being that Stateville facility is unequipped to do x-rays.
A splint was placed on my finger and I was given some motrin for
the pain. [See Attached Grievance Form].


                                              Page 1 of 3

COUNSELOR:

On September 19, 2006, while my counselor was making his
weekly rounds in the cellhouse, I brought this matter to his
immediate attention requesting him to contact H.C.U. and find out
"what they plan to do about my injured finger?" On September 26,
2006, approximately one (1) month after the doctor evaluated my
finger and prescribed an x-ray... as my counselor was making his
rounds, I told him that his call to H.C.U. must have been somewhat
affected because I received my blood pressure & arthritis medica-
tion in a timely fashion. I gave my counselor the inital complaint
(grievance form) "specifically" requesting that as soon as he
sign-off on it to return it to me [See attached note] to enable
me to forward it to the Grievance Officer. On October 3, 2006, I
prepared and forwarded a letter to my counselor once again request-
ing that the grievance be returned to me after his completion,
that I would forward it to the Grievance Officer. [See Attached
Letters] On October 4, 2006, I received a response from my
counselor stating that Dr Ghosh was issued my grievance complaint
and upon receiving Dr. Ghosh's response, he'll send the original
and a copy to me. [See Attachments]. On October 20, 2006, I
received from my counselor the following documents:

        (a)    an original and copy of my grievance
              [with counselor's response]

        (b)    letter from Dr. Ghosh stating that a
              pass will be sent for EVALUATION.

                                  [See Attachments]

PARTHA GHOSH, M.D.:

On September 26, 2006, after discussing this matter with my
counselor (supplying him with my initial grievance) I prepared a
letter to Dr. Ghosh [See Attachment] bringing to his attention
the irregularities that took place regarding my obtaining medical
attention for my injury in a much speedious manner. At this hour,
I have not received a response. On October 18, 2006, I received
from the Grievance Officer, Dr. Ghosh's reply... he merely stated
that a pass has been issued for EVALUATION." I find this state-
ment to be highly offensive and inaccurate being that I was
previously evaluated at the HCU by a doctor on August 26, 2006,
NOTICE: there is no mention of the 8-26-06 evaluation or previously
being prescribed for an x-ray. In addition, he stated that a
pass has been issued for me. As a matter of fact, I have not
received a pass to the HCU regarding this matter... I received a
pass to the HCU for 10-9-06 at 8:30 a.m for lab [See Attachments]
That particular pass was cancelled because it was a Holiday. Nor
did Dr. Ghosh explain how he was capable of approving my paperwork
to be writted to the U. of I. Hospital in Chicago on two (2)
separate occassion after my finger was injured and did not follow-
up and the doctor's 9-26-06 prescribing an x-ray to determine the
extent of my injury? During the two visits to Chicago Hospitals,
I tried vigorously to have my finger examined and x-rayed, without
success and without obtaining an x-ray or being examined by an
orthopedic doctor to determine the exact damage of my injured
finger.

GRIEVANCE OFFICER:

On October 17, 2006, the Grievance Officer signed-off on my grievance stating the following:

> "Per Dr. Ghosh, M.D., a pass has been issued to bring offender to HCU for EVALUATION."

> "It appears that this grievance has been resolved."

NOTICE: the grievance that the Grievance Officer signed-off on and/or responded to DOES NOT have the Counselor's Response completed... there is a stamp from the HCU.. How could the Grievance Officer make an valid decision without first permitting the Counselor to respond to the grievance as proscribed by Departmental Rules, amounting to a procedural due process violation.

CHIEF ADMINISTRATOR:

On October 17, 2006, the Chief Administrator concurred with the Grievance Officer's response. As mentioned above, his response was administered without a response from the counselor... amounting to a procedural due process violation.

CONCLUSION:

I'm in total disagreement with Dr. Ghosh's analysis and the Grievance Officer's Response. THIS MATTER HAS NOT BEEN RESOLVED, on the contrary, this matter has been ignored by the HCU staff and their deficiencies is being overlooked and "rubber-stamped" in the process. Records clearly show that my previous EVALUATION took place on 8-26-06 (nearly 2 months ago) whereas an x-ray was prescribed to determine the extent of my injury. Dr. Ghosh's failure to mention this important factor should give credence to the manner in which this matter was and is being handled. The delay in obtaining medical treatment has caused the deformity of my right ring finger and contributed to a clear and apparent deliberate difference and equal protection violation in that several inmates were transported to NRC a couple of Sundays ago, specifically for the purpose of having x-rays taken. In addition, I was writted to U of I Hospital (Chicago) on two separate occassions for unrelated reasons during the inception of my attempts to obtain proper medical attention. Therefore, I humbly request a formal hearing regarding this matter.

*Robert Thomas*
Robert Thomas N53969
Stateville

cc: personal file

Page 3 of 3

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

Date Received: October 17, 2006          Date of Review:   October 17, 2006          Grievance #  1354

Committed Person: Robert Thomas                                         ID#: N53969

Nature of Grievance: Medical Tx

**Facts Reviewed:**  Grievant alleges he was unable to get a X-Ray on his finger.

**Relief Requested:** to have my finger x-rayed as soon as possible to determine the damage and obtain the proper medical attention in a timely fashion.

Per Dr. Ghosh, Medical Director:  A pass has been issued to bring the offender to the HCU for evaluation.

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

**Recommendation:**  No further action necessary at this time.

<u>Tammy Garcia</u>                                                      _Tammy Garcia_
            Print Grievance Officer's Name                                    Grievance Officer's Signature
            (Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

Date Received:  _10-17-06_          ☒ I concur          ☐ I do not concur          ☐ Remand

Comments:

_W. McCann_                                          _10-17-06_
        Chief Administrative Officer's Signature                                      Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Robert Thomas_                    _N53969_              _10-30-06_
        Committed Person's Signature                            ID#                        Date

ILLINOIS DEPARTMENT OF CORRECTIONS

## OFFENDER'S GRIEVANCE

| Date: SEPT. 26, 2006 | Offender: (Please Print) ROBERT THOMAS | | ID#: N53969 |
|---|---|---|---|
| Present Facility: STATEVILLE | | Facility where grievance issue occurred: STATEVILLE | |

**NATURE OF GRIEVANCE:**

Received Grievance Office

OCT 1 ? 2006

STA # 1354

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report: ___/___/___  Date of Report ___ Facility where issued
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ Disability
- ☐ HIPAA
- ☐ Other (specify):

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
   Chief Administrative Officer, only if EMERGENCY grievance.
   Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On Tuesday, August 15, 2006, while closing my celldoor
I injured my right ring finger. My finger became swollen and my
my fingernail had bruised blood in it. I experienced a huge amount
of pain. I soaked my finger in cold water for a substantial amount of
time. I was waiting to catch a Med Tech on the gallery, but never
did. Thereafter, the prison was on lockdown. During this period, I
continued soaking my hand and taking aspirin that were previously
prescribed to me to relieve the pain. The swelling disappeared,
clearly showing a disformity in my finger. On August 25, 2006, a
Med Tech delivered precription medication to my cellmate and I [continue]

Relief Requested: TO HAVE MY FINGER X-RAYED AS SOON AS POSSIBLE TO DETERMINE
THE DAMAGE AND OBTAIN THE PROPER MEDICAL ATTENTION IN A
TIMELY FASHION.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Robert Thomas | N53969 | 9, 26, 06 |
|---|---|---|
| Offender's Signature | ID# | Date |

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: ___/___/___    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

RECEIVED
SEP 27 2006
STATEVILLE CORRECTIONAL CENTER
HEALTH CARE UNIT ADMIN. OFFICE

| Print Counselor's Name | Counselor's Signature | Date of Response |

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?

☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Chief Administrative Officer's Signature | | Date |

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

showed her my deformed finger.  She told me that I would be
called to the Health Care Unit the following day.  On August 26,
2005, I went to the H.C.U. Emergency Room and the doctor had a
splint placed on my finger, gave me some ibupobens and scheduled
me to be taken to NRC to have an xray taken because there is no
available xray technician at Stateville Correctional Center, nor
does the xray machine works properly.  I WAS NOT taken to NRC to
obtain an xray.  As a matter of fact, I have been writted TWICE
to the U. of I. Hospital for liver testing since this incident
occurred, on Septmeber 18th and 25th, 2006.  I asked transportation
officers could they return to the Health Care Unit and ask if I
could be taken to the Emergency Room at U. of I. Hospital while
we were there.  I was told that if they did not have "paperwork"
for me go to the Emergency Room, they cannot take me there.  At
this hour, I still have not had an xray to determine WHY my right
ring finger is deformed as it is.

According to Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285,
50 L.Ed.2d 251 (1976), my Eighth Amendment rights are being
violated.  The U.S. Supreme Court In Estelle stated:

> "[D]eliberate indifference to serious medical needs of
> prisoners constitutes the "unnecessary and wanton inflic-
> tion of pain" proscribed by the Eighth Amendment. This
> is true whether the indifference is manifested by
> prison doctors in their response to the prisoner's need
> or by prison guards in intentionally denying or delaying
> access to medical care or intentionally interfering with
> the treatment once prescribed.  Regardless of how
> evidenced, deliberate indifference to a prisoner's
> serious illness or injury states a cause of action
> under §1983."

I intend to file civil actions in this matter.

RECEIVED
SEP 27 2006
STATEVILLE CORRECTIONAL CENTER
HEALTH CARE UNIT ADMIN. OFFICE



**Illinois**
**Department of**
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# MEMORANDUM

Date:      October 9, 2006

To:        Cannon,
           Counselor

From:      Partha Ghosh, MD          *P6U*
           Medical Director

Subject:   Medical Grievance for Thomas, Robert N53969 C457

A pass has been issue to bring the offender to HCU for evaluation.


PG:jrw


Cc:   Assistant Warden Programs
      Grievance Office
      Medical Records
      File

16

September 26, 2006


TO:   Dr. Ghosh, Medical Director
      Health Care Unit

FROM: Robert Thomas N53969
      Unit C-457

RE:   Injured Right-Ring Finger


On August 15, 2006, I injured my finger in the cell door.
After the swelling went-down, I realized that my finger was
broken or worse?  On Friday, August 25, 2006, I finally was able
to have a Med Tech examine my finger.  Upon viewing the deformity,
the Med Tech concluded that my finger was broken and told me that
I will be placed on Sick Call to see a doctor.

On Saturday, August 26, 2006, I was taken to the HCU and a
doctor examined my finger and prescribed an x-ray, had my finger
placed in a splint and I was given some motrin.  I was told that
I would be taken to NRC that following Monday 8-28-06 to have an
x-ray taken because a mental patient was already scheduled to be
transported to NRC.

Approximately one (1) month has passed and I still have not
had my finger x-rayed.  What's troublesome to me is... I've been
on a writ to the hospital in Chicago twice, and on each occassion
there was no order to have my finger x-rayed or examined.

I would like to have my finger x-rayed to determine the
extent of damage that has occurred.  Had I received an x-ray in a
timely fashion, I doubt seriously that my finger would be deformed
as it presently is.

All that is promptly rendered in regard to this matter
would be appreciated greatly.

Robert Thomas
Robert Thomas N53969
Unit C-457



cc:  personal file

TO: CHRIS CANNON
    Unit C Counselor

FROM: ROBERT THOMAS N53969
      Unit C-457

RE: GRIEVANCE - MEDICAL


Mr. Cannon, I'm writing to once again remind you that I would like to have a copy of my complaint. Last Tuesday (9-26-06) I gave you my medical complaint regarding my now deformed finger, enabling you to sign-off on it, prior to my sending it to the Grievance Officer.

Being that you had previously contacted the Health Care Unit regarding this matter, you had available information to submit to your response to my complaint.

When I gave you my complaint (9-26-06) I asked could I obtain a copy of my grievance because I was unable to have the complaint copied before giving it to you, you told me that you would send me a copy.

As you were making your rounds today (10-03-06), I brought this to your attention and you advised me that you would send a copy of the complaint to me again.

At this hour, my concern is directed towards the handling of my Grievance in the most appropriate and promptly fashion as possible. Today, you did not mention whether you had signed-off on my grievance and if you did, was my grievance forwarded to the Grievance Officer??

I would appreciate it if you were to advise me of the above. All that is promptly rendered in regard to this matter would be appreciated greatly. Thank You.

*Robert Thomas*
Robert Thomas N53969
Unit C-457

cc: personal file


I, ROBERT THOMAS, affiant, do hereby declare and affirm pursuant to 735 ILCS 5/109, under the penalty of perjury, that the contents contained herein are true and correct to the best of my knowledge and belief. Furthermore, this missive was placed in my cell bars, picked-up by an correctional officer on October 3, 2006 at 10:00 p.m., to be taken to the institutional mailroom for delivery.

*Robert Thomas*
Robert Thomas, affiant

9-26-06

Mr. Canon,

After completing your response. Send a copy back to me on return original grievance to me so that I can obtain a copy before its sent to Grievance Officer.

Thomas N53969

Robert —

I sign off on it after I get a response from Dr. Ghosh. (I sent him a copy right away.)

If he does not respond in about 30 days, I will note that, send a copy to you, and forward the original to the Grievance Office

— Carron ...

( Received thru institutional mail 10-6-06 — 10-09-06 was Holiday-passes cancelled)
Q.J.
Case 1:08-cv-04164 Document 1 Filed 08/15/2008 Page 40 of 79

STATEVILLE CORRECTIONAL CENTER                    Page# ____
Notification Of Appointment to HCU

Name __Thomas__          Number __N53969__          Date __10/9/06__

Cell# __C407__  Time to Report __8:30__  Assignment _____

---

| | | | | |
|---|---|---|---|---|
| X Lab | __ X-Ray | __ Dietician | __ Seizure Clinic | __ Other |
| __ E.R. | __ OPHTH | __ Infirm Adm | __ Diabetic Clinic | |
| __ P.T. | __ ORTHO | __ M.D. in E.R. | __ Hypertensive Clinic | |
| __ OPT | __ Dental | __ Asthma Clinic | __ Infec. Control Nurse | |
| __ POD | __ Physicals | __ Surgery Clinic | __ Mental Health _____ | |

---

Special Instructions:

__ NPO -(Nothing By Mouth After 12:00 Midnight)

---

__ I Accept This Pass _____
                           Inmate Signature

__ I Refuse This Assignment _____
                           Inmate Signature
    If you are on a psychotropic medication, This will be discontinued or
    Tapered off.  If you do not come to your next scheduled appointment.

__ Reason for Refusal _____

    Witness _____
                      CMT Signature

    ** If You fail to keep this appointment (NO SHOW) you will have to  **
           Re-schedule your own appointment thru the CMT.

__ No Show

---

Attempts to deliver this pass made at the following times:

P.N.'S _____ Reason not delivered _____

Midnights _____ Reason Not delivered _____

__ R.N. Notified of inability to deliver Pass
Signature of CMT _____ P.M. _____ M.N. _____ A.M.
Signature of R.N. _____ P.M. _____ M.N. _____ A.M.

---

Time inmate departed Assignment _____ Officer _____
TIME Inmate Arrived at HCU _____ Officer _____
Time Inmate departed HCU _____ Officer _____
Time Inmate Arrived Assignment _____ Officer _____

IL 426- DCA 2234  Revised 04/93                White-- Inmate
                                               Yellow--Provider

STATEVILLE CORRECTIONAL CENTER                          Page# _____
Notification Of Appointment to HCU

Name  *Thomas Robert*        Number  *N 3 34 2 7*        Date  *10/30/*

Cell# _____ / _____   Time to Report _____   Assignment _____

| | | | | |
|---|---|---|---|---|
| _X_ Lab | _X_ X-Ray | __ Dietician | __ Seizure Clinic | __ Other |
| __ E.R. | __ OPHTH | __ Infirm Adm | __ Diabetic Clinic | |
| __ P.T. | __ ORTHO | __ M.D. in E.R. | __ Hypertensive Clinic | |
| __ OPT | __ Dental | __ Asthma Clinic | __ Infec. Control Nurse | |
| __ POD | __ Physicals | __ Surgery Clinic | __ Mental Health _____ | |

Special Instructions:

__ NPO -(Nothing By Mouth After 12:00 Midnight)

_____

__ I Accept This Pass _____
                          Inmate Signature

__ I Refuse This Assignment _____
                                Inmate Signature
If you are on a psychotropic medication, This will be discontinued or
Tapered off. If you do not come to your next scheduled appointment.

__ Reason for Refusal _____

Witness _____
                          CMT Signature

** If You fail to keep this appointment (NO SHOW) you will have to **
            Re-schedule your own appointment thru the CMT.

__ No Show

Attempts to deliver this pass made at the following times:

P.N.'s _____   Reason not delivered _____

Midnights _____   Reason Not delivered _____

__ R.N. Notified of inability to deliver Pass
Signature of CMT _____   P.M. _____   M.N. _____   A.M.
Signature of R.N. _____   P.M. _____   M.N. _____   A.M.

Time inmate departed Assignment _____   Officer _____
TIME Inmate Arrived at HCU _____   Officer _____
Time Inmate departed HCU _____   Officer _____
Time Inmate Arrived Assignment _____   Officer _____

IL 426- DCA 2234  Revised 04/93          White-- Inmate
                                         Yellow--Provider

22

Kevin C. Halloran, CEO
Waxford Health Sources, Inc.
381 Mansfield Avenue, Suite 205
Pittsburg, Pennsylvania  15220-2751

                              Re: Inmate Robert Thomas N53969
                                  Stateville Correctional Center
                                  Denial of proper medical care

Dear Chief Executive Officer,

        I'm presently and has been for some time, incarcerated at
the Stateville Correctional Center situated in Joliet, Illinois.
Wexford's Contract #9906022, which extended from 12/17/05 up until
12/16/07 provides medical services to Stateville Correctional Center.

        My letter is written to you to bring to your immediate
attention a certain irregularity that's preventing me from obtaining
proper medical treatment as proscribed by your contract and 730 ILCS
5/3-7-2(a) of the Illinois Compiled Statutes.

        On August 15, 2006, I accidently injured my right-ring
finger closing my cell door.  After the swelling subsided, it was
apparent that my finger was damaged... the tip of my finger was
pointing in upward direction.  On August 26,2006, I was escorted
to the Health Care Unit's Emergency Room where I was evaluated by
Dr. Williams.   Everyone I come in contact with immediately states
after observing my injury "your finger is broken."  Dr. Williams
told me that I would be transported to CRC on Monday, August 28,2006.
After waiting a substantial time, I filed a grievance (complaint)
stating that **I have not had an X-ray to determine the damage of my
finger.**   On October 9, 2006, Dr. Ghosh, Medical Director, prepared
a Memorandum regarding my complaint stating the following:

        **A pass has been issued to bring the offender to HCU for evaluation.**

        At this hour, I **have not** been evaluated or sent a pass in
this regard.  As a matter of fact, the Grievance Officer and Warden
McCann concurred with Dr.Ghosh's erroneous response to my complaint.

                              **23**

I humbly request your assistance in this matter. It is obvious just from looking at my right ring finger that it's damaged and this prolonged delay in obtaining medical care is crucial towards the repair of any fractures.

All that is promptly rendered in regard to this matter would be appreciated greatly. Thank you for your time. I await your reply.

Sincerely,

*Robert Thomas*

Robert Thomas  N53969
Stateville Correctional Center
Post Office Box 112
Joliet, IL  60434

cc: personal file

24

**STATEVILLE CORRECTIONAL CENTER**
**Notification Of Appointment to HCU**                 Page# _____

Name _Thompson Robert_ Number _N 52702_                 Date _11/27/6_
Cell# _D450_ Time to Report _12:00pm_ Assignment _____

| | | | | |
|---|---|---|---|---|
| __ Lab | __ X-Ray | __ Dietician | __ Seizure Clinic | |
| _ E.R. | __ OPHTH | __ Infirm Adm | __ Diabetic Clinic | Other |
| __ P.T. | __ ORTHO | __ M.D. in E.R. | __ Hypertensive Clinic | Dr Ghosh (WSH) |
| __ OPT | _ Dental | __ Asthma Clinic | __ Infec. Control Nurse | |
| __ POD | __ Physicals | __ Surgery Clinic | __ Mental Health | |

Special Instructions:

__ NPO -(Nothing By Mouth After 12:00 Midnight)

__ I Accept This Pass _____
                        Inmate Signature

__ I Refuse This Assignment _____
                        Inmate Signature
    If you are on a psychotropic medication, This will be discontinued or
    Tapered off.  If you do not come to your next scheduled appointment.

__ Reason for Refusal _____

Witness _____
                        CMT Signature

    ** If You fail to keep this appointment (NO SHOW) you will have to  **
            Re-schedule your own appointment thru the CMT.

__ No Show

Attempts to deliver this pass made at the following times:

P.N.'S _____ Reason not delivered _____

Midnights _____ Reason Not delivered _____

__ R.N. Notified of inability to deliver Pass
Signature of CMT _____ P.M. _____ M.N. _____ A.M.
Signature of R.N. _____ P.M. _____ M.N. _____ A.M.

Time inmate departed Assignment _____ Officer _____
TIME Inmate arrived at HCU _____ Officer _____
Time Inmate departed HCU _____ Officer _____
Time Inmate Arrived Assignment _____ Officer _____

IL 426- DCA 2234  Revised 04/93                 White-- Inmate
                                                Yellow--Provider

# STATEVILLE CORRECTIONAL CENTER
### Notification of Appointment to HCU

Name  **THOMAS, ROBERT**          Number  **N53969**          Date:_____

Cell __ **C  0448** ___        Time to Report  **10:00 AM**          Assignment_____

| | | | | |
|---|---|---|---|---|
| ___LAB | ___X-RAY | ___DIETITIAN | ___SEIZURE CLINIC | ___OTHER |
| ___E.R. | ___OPHTH | ___INF.ADMIT | ___DIABETIC CLINIC | |
| ___P.T. | ___ORTHO | ___MD in E.R. | ___HYPERTENSIVE CLINIC | |
| ___OPT | ___DENTAL | ___ASTHMA CLINIC | ___INFEC. CONTROL | |
| ___POD | ___PHYSICALS | ___SURGERY CLINIC | ___MENTAL HEALTH ------- | |

__X__   **PPD XRAY/GATE 5**

**Special Instructions:**        **CAN NOT  REFUSE**

_____I accept this pass_____
Inmate Signature

_____I Refuse this Assignment_____
Inmate Signature

    If you are on a psychotropic medication, this will be discontinued or tapered off  if you do not come to your next scheduled appointment.

_____Reason for refusal_____

_____

_____Witness_____
CMT Signature

**If you fail to keep this appointment (NO SHOW) you will have to reschedule your own appointment through the CMT.

_____NO SHOW

Attempts to deliver this pass made at the following times:

PMs_____        Reason not delivered_____
Midnights_____        Reason not delivered_____

_____R.N. Notified of inability to deliver pass
Signature of CMT_____ P.M._____ M.N._____ A.M.
Signature of R.N. _____ P.M._____ M.N._____ A.M.

Time inmate departed Assignment_____ Officer_____
Time inmate arrived at HCU _____ Officer_____
Time inmate departed HCU _____ Officer_____
Time inmate arrived Assignment_____ Officer_____

fL426
DCA2234 (Rev 4/93)



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Stateville Correctional Center / P.O. Box 112 / Joliet, IL 60434 / Telephone: (815) 727-3607
TDD: (800) 526-0844

# MEMORANDUM

Date:       October 9, 2006

To:         Cannon,
            Counselor

From:       Partha Ghosh, MD         *P6⁴*
            Medical Director

Subject:    Medical Grievance for Thomas, Robert N53969 C457

A pass has been issue to bring the offender to HCU for evaluation.

PG:jrw

Cc:    Assistant Warden Programs
       Grievance Office
       Medical Records
       File

27

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** October 17, 2006          **Date of Review:**   October 17, 2006          **Grievance #**  1354

**Committed Person:** Robert Thomas                                                                **ID#:** N53969

**Nature of Grievance:** Medical Tx

**Facts Reviewed:**  Grievant alleges he was unable to get a X-Ray on his finger.

**Relief Requested:**  to have my finger x-rayed as soon as possible to determine the damage and obtain the proper medical attention in a timely fashion.

Per Dr. Ghosh, Medical Director:  A pass has been issued to bring the offender to the HCU for evaluation.

It appears that this grievance issue has been resolved.

This Grievance Officer has no medical expertise or authority to contradict the doctor's recommendation/diagnosis.

**Recommendation:**  No further action necessary at this time.

**Tammy Garcia**
_____                                      _____
Print Grievance Officer's Name                                           Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** _10 -17 - 06_          ☒ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

_____                                                       _10 -17 -06_
Chief Administrative Officer's Signature                                                              Date

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director.  I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

_Robert Thomas_                              _N53969_                    _10-30-06_
Committed Person's Signature                              ID#                          Date

December 5, 2006

TO:   Dr. Partha Golsh, M.D.
      Health Care Unit [Stateville]

FROMñ  Robert Thomas N53969
       Unit C-457

RE:   Xray of injured right ring finger

On November 27, 2006, during my appointment with you at your
liver clinic... I showed you my injured finger and explained that
I had previously filed a grievance because my finger was injured
in August and I never obtained the prescribed xray to determine
the amount of damage.  You prescribed an xray for me and I was
taken to NRC On November 29th for an xray.

At this hour, I would like to know the diagnosis of the xray and
what amount of damage occurred??  As you noticed, my finger is
deformed.  If it was fractured, will it have to be re-broken and
set or some other procedure to correct the deformness of my right
ring finger??

I would like to have this deformity corrcted to enable me to use
my right hand as I did before this accident occurred.

All that is promptly renderedin regard to this matter would be
appreciated greatly.  Thank You.

**Rod R. Blagojevich**
Governor

# Illinois
### Department of
# Corrections

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

January 25, 2007

Robert Thomas
Register No. N53969
Stateville Correctional Center

Dear Mr. Thomas:

This is in response to your grievance received on October 25, 2006, regarding medical treatment (requests an x-ray for his finger), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report, 1354, and subsequent recommendation dated October 17, 2006 and approval by the Chief Administrative Officer on October 17, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden Terry McCann, Stateville Correctional Center
      Robert Thomas, Register No. N53969
      Chron. File

30

DATE;  March 16, 2007

   TO;  Dr. Ghosh, M.D.
        Health Care Unit

 FROM;  Robert Thomas N53969
        Unit C-457

   RE;  DEFORMED RIGHT FINGER
        AND LIVER MEDICATION


      On August 15, 2006, my right ring finger was injured.  On
August 25, 2006, I showed a Med-Tech my injury and was taken to
the Health Care Unit the following day.  I was told that I would
be taken to NRC for an x-ray.  After waiting a substantial amount
of time for an x-ray, I filed a grievance in this regard which is
presently pending before the Administrative Review Board.

      On November 27, 2006, I showed you my injured finger.  You
advised me that an x-ray would be ordered, notwithstanding the
fact that an x-ray was previously ordered.  In addition, you
advised me that surgery was needed to correct the deformity.  On
November 29, 2006, I was taken to NRC and x-rays were finally
taken of my finger.  On December 5, 2006, I wrote a letter to you
inquiring into the results of my x-rays and whether the deformity
in my right ring finger will be corrected.  You did not respond
to this letter.

      Furthermore, I was taken to the U. of I. Hospital on numerous
occassions after discovering that my liver enzymes were high.  I
submitted to a MRI and biopsy which disclosed serious damage to
my liver. On November 27, 2006, I received a pass to see you.  I
was assured that medication would be prescribed for my liver
condition.  At this hour, I have not received any form of medication
for this particular ailment.

      On March 7, 2007, during my appearance at the Hypertension
Clinic, I explained the above mishap with Dr. Williams.  She
assured me, after observing my medical charts; that she was going
to take my medical chart to you to resolve this matter.  At the
writing of this letter, once again, I have not received any form
of response from you regarding this inquiry.

      In closing, I merely request that I be informed regarding
the liver medication and that my finger be corrected, these are
procedures that you assured me would take place.  All that is
promptly rendered in regard to this matter would be appreciated
greatly.  Thank You and Have A Nice Day.

                                   Sincerely,

                                   Robert Thomas

cc;  personal file
     Dr. Elyea, M.D.
     Administrative Review Board



80350449-0385
Print Dt/Tm: 02/21/2008  04:39 pm

# UNIVERSITY OF ILLINOIS AT CHICAGO

## >>>>>>>> PATIENT INFORMATION <<<<<<<<

**THOMAS, ROBERT**
STATEVILLE CORRECTIONAL CENTER
PO BOX 112
Joliet, IL        60434

Birthdate: 04/02/1950    Age: 57 Years    Sex: MALE    Race: OTHER
SSN: 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    Religion:                                    MS: SINGLE
Home Phone: (815) 727-3607
Cell Phone:

Employer Name: NOT EMPLOYED
Employer Address:

Employer Phone:                    Work Phone:
City/State/Zip:

## >>>>> EMERGENCY CONTACT INFORMATION <<<<<    ## >>>>>>>> NEAREST RELATIVE <<<<<<<<<

Name: STATE, CORRECTIONAL CENTE
Relationship to Patient: CORRECTION
Work Phone
Home Phone: (815) 584 2806

Name:                    Relationship:
Address:                 Emp Status:
                         Employer:
Home Phone:              Work Ph:

## >>>>>>>> GUARANTOR INFORMATION <<<<<<<<

Name: CENTER, CORRECTIONAL    Sex: MALE    Date of Birth: 01/01/1900    Age: 108 Years    MS: SINGLE
Relationship to Patient: CORRECTION                Social Security Number: 071 85-6207
Guar. Address: 809 S MARSHFIELD STREET            City/State/Zip: Chicago, IL        60612
                                                  County: Cook            Home Phone: (312) 996-1000
Employer Name: NOT EMPLOYED                       Work Phone:             Employment Status: NOT EMPLOYED
Employer Address:                                 City/State/Zip:
                                                  Hire:

## >>>>>>>> PRIMARY INSURED/INSURANCE INFORMATION <<<<<<<<

Name: CENTER, CORRECTIONAL    Sex: MALE    Date of Birth: 01/01/1900    Age: 108 Years    MS: SINGLE
Relationship to Patient: CORRECTION
Insurance Name: STATE, CORRECTIONS        ID/Member Nbr: 804477629        Contact Phone Nbr:
Claim's Address: STATEVILLE CORRECTIO      Group Number: 000              Ref Number: NA
PO BOX 112                                 Cert Number: NOTVALID          Cert Status: NO
City/State/Zip: JOLIET, IL        60432    PCP:                           Case Names:
Medical Group ID:                                                         Case Id:

## >>>>>>>> SECONDARY INSURED/INSURANCE INFORMATION <<<<<<<<

Name:                    Sex:         Date of Birth:        Age: 0 Days    MS:
Relationship to Patient:
Insurance Name:                       ID/Member Nbr:                Contact Phone Nbr:
Claim's Address:                      Group Number:                 Ref Number:
                                      Cert Number:                  Cert Status:
City/State/Zip:                       PCP:                          Case Name:
Medical Group ID:                                                   Case Id:

## >>>>>>>> PREVIOUS ENCOUNTER INFORMATION <<<<<<<<    ## >>>>>>>> VISIT INFORMATION <<<<<<<<<

| Visit Date(s) | Visit Type | Physician |
| --- | --- | --- |
| 01/15/2008 14:37 | OUTPATIENT | Champnapaph MD, Boonmee |
| 11/20/2007 14:08 | OUTPATIENT | Champnapaph MD, Boonmee |
| 11/05/2007 15:00 | SURGI CENTER | Champnapaph MD, Boonmee |

Location: UIH SURGICENTER        Room/Bed: --
Medical Service: ORTHOPEDICS ORANGE
Scheduled Dt/Tm: 02/25/2008 06:00
Admit Date/Time:                    Visit Type: SURGI-CENTER
Admit Type: ELECTIVE                Admit Source: CLINICAL
Admit Diagnosis: humer right flag fl    Pre Admit Clerk: Montgomery, Jer
Admit Mode:                         Admit Clerk:
Admitting Physician Name: Champnapaph MD, Boonmee
Attending Physician Name: Champnapaph MD, Boonmee
Referring Physician Name: SELF, REFERRED

## >>>>>>>> ACCIDENT INFORMATION <<<<<<<<

Accident: N        Accident Date/Time:
Accident Type:

VIP Indicator: PRISONER
Language: ENGLISH        Interpreter: NO
Advance Directive:

**THOMAS, ROBERT**            **MALE  / 57 YEARS**
80350449            80350449-0385

```
                    U OF I HOSPITAL (HPROD03)
  02/28/08                                              PAGE:  1
========================

FINAL DX & PROC FORM                 MEDICAL RECORD #:   080350449

========================================================================

FINAL   NAME: THOMAS ROBERT                  ACCT #: 0803504490385

        AGE:  57   SEX: M   RACE: O   DISCH: 02/25/08    SERV: ORO
                                              ADM: 02/25/08
        DR: CHUNPRAPAPH, BOONMEE B            TIME: 09:42 AM
==================================================================
                        BIRTHDATE: 04/02/50
  MAIDEN/OTHER NAME:                    SOC SEC #: 080350449   F/C: H
  PATIENT ADDRESS: STATEVILLE CORRECTIONAL C JOLIET        IL 604340000
          PHONE: 8157273607                      P.A.T.:
  INSURANCE COVERAGE 1:   STATE, CORRECTIONS
  INSURANCE COVERAGE 2:
  INSURANCE COVERAGE 3:
  INSURANCE COVERAGE 4:
==================PHYSICIAN S REPORT==========================
  DISCHARGE DATE: 02/25/08   TIME: 05:00 PM           CODER: WB

ADMITTING DIAGNOSIS
              ADMITTING DIAGNOSIS NOT DEFINED      ICD9=N/A

PRINCIPAL DIAGNOSIS
         1.   REMOVAL INT FIXATION DEV             ICD9=V54.01

SECONDARY DIAGNOSES                     DIAGNOSIS TYPE
         2.   RUPT FLEXOR TENDON HAND           S     ICD9=727.64


PROCEDURES                              PROCEDURE TYPE
  02/25/08 1.   REPAIR/GRAFT HAND TENDON         P   ICD9=26392
  02/25/08 2.   RMVL IMPL DEV SITE NEC           S   ICD9=78.69
==========================================================================
  DISCHARGE STATUS: 1


                    CHARGES:    00.00
==========================================================================
  THOMAS ROBERT          0803504490385   FINAL DX & PROC FORM
```



**University of**
**Illinois**
**Medical Center**
**at Chicago**

80350449-0385
THOMAS, ROBERT
DOB 04-08-50
02/25/2008          M    O

**POST-PROCEDURE NOTE**

## ALL FIELDS MUST BE COMPLETED
### Use "Not Applicable" as appropriate

**Pre-Procedure Diagnosis / Indication:** *(R) FDP PF Rupture*

**Post-Procedure Diagnosis:** *Same*

**Procedure Performed:** *(R) OPE-Palmaris longus transfer*

**Practitioner Performing Procedure:** *Bommer*

**Findings (include specimens removed):**

**Estimated Blood Loss:** *< 10 cc*

**Medication / Fluids / Blood and Blood Components Administered:**
*(DO NOT REPEAT IF DOCUMENTED ELSEWHERE)*
*Ø*

**Unanticipated Events / Complications:**
*Ø*

**CDC Surgical Wound Classification / Wound Status:**
☑ (1) Clean    ☐ (2) Clean-Contam    ☐ (3) Contaminated    ☐ (4) Infected    ☐ NONE

**Patient's Status Post Procedure (include vital signs and level of consciousness):**
*(DO NOT REPEAT IF DOCUMENTED ELSEWHERE)*
*Stable*

**Patient Disposition:** *Same Day Surgery*

**Physician Signature:** _____ 2/25/08

UI-3071 Rev. 04/07

3071



**University of Illinois Medical Center**
at Chicago

# POST ANESTHESIA ORDER AND
# DISCHARGE SHEET

SIGNATURE AND TITLE REQUIRED WITH EACH ORDER

80350449-0385
THOMAS, ROBERT
DCB 04-02-50      M      O
09/25/2008

Date: _____    Allergies: _____

**Admit Post Anesthesia Care Unit (PACU):** Vital signs Q 15 minutes or as indicated

IV FLUIDS: _____

**Medicate for pain as follows:**
Morphine _____ mg IVP Q _____ min. with max. dose _____ mg. PRN
Fentanyl _25_ mcg. IVP Q _10_ min. PRN
Toradol _____ mg IVP / IM Q _____ hours PRN
Vicodin _I - II_____ tablet po Q _4_ hours PRN
Tylenol #3 _____ _____ tablet / elixir po Q _____ hours PRN
Motrin _____ mg. po. Q _____ hours PRN
Tylenol _____ mg tablet / elixir / suppository Q _____ hours PRN
Others: _____ _____ _____
May initiate surgical pain management orders in PACU _____
PCA orders: _____
Epidural orders: _____

**Medicate for nausea as follows:**
Droperidol _____ mg IVP x _____ doses
Compazine _____ mg IV / IM PRN
Reglan _10_ mg IVP PRN
Zofran _4_ _____ mg. IVP PRN

**Medicate for shivering as follows:**
_____ Demerol 12.5 mg IVP x _____ doses

**Oxygen Therapy:**
Keep O2 saturation of _>93_ % with:    _1-6_ Liters nasal Cannula    _____ % Blowby
_____ % Face mask / tent    _____ % Trach / t-piece
Respiratory Treatment: _____
ABG: _____
Chest X-ray: _____
Ventilator Setting:   CMV / IMV / CPAP Rate _____    FIO2 _____ %    TV _____
PEEP _____    PS _____
Wean off Ventilator _____    Maintain on Vent _____
Extubate by anesthesia

**Additional Orders:** _____
_____
_____
_____
_____
_____
_____
_____

_Cristina Bartis_____ M.D.

_____ NURSE

0458

# POST ANESTHESIA CARE UNIT DISCHARGE NOTE

**Date:**

**Time:** _____

## POST ANESTHESIA CARE UNIT SCORE AT DISCHARGE

| SIGNS | SCORE SYSTEM | SCORE |
|---|---|---|
| Activity | 4 extremities voluntarily or on command | =2 _____ |
| | 2 extremities voluntarily or on command | =1 _____ |
| | 0 extremities voluntarily or on command | =0 _____ |
| Respiration | Able to deep breathe and cough freely | =2 _____ |
| | Dyspnea or limited breathing | =1 _____ |
| | Apneic | =0 _____ |
| Circulation | BP + 20% of preanesthetic level | =2 _____ |
| | BP + 20-50% of preanesthetic level | =1 _____ |
| | BP + 50% of preanesthetic level | =0 _____ |
| Consciousness | Fully awake | =2 _____ |
| | Arousable on calling | =1 _____ |
| | Not responding | =0 _____ |
| Color | Pink | =2 _____ |
| | Pale, dusky, blotchy, jaundiced, other | =1 _____ |
| | Cyanotic | =0 _____ |
| | **Total** | = _____ |

Recovery from regional block: yes_____ no_____

Intake(type / amount) _____      Oral: _____

Comments: _____
_____
_____
_____
_____

Discharge from PACU to _____
Discharge with oxygen therapy of _____

_____ MD          _____ Nurse



**University of Illinois Medical Center at Chicago**

Physicians & Medical
Students begin here
↓

HISTORY - PHYSICAL PROGRESS NOTES

P03?C44?~1305
THOM?C~ ?OPCRT          N    O
DOB  ~~~~~~~~
02/25/2008

| DATE | ANESTHESIOLOGY POSTOPERATIVE EVALUATION |
|------|------------------------------------------|
| | Procedure: ®️ finger flexor digitorum reconstruction,  Date of Procedure: 2/25/08 |
| | Type of Anesthesia: MAC c̄ brachial plexus block. |
| | Anesthesia Attending: Babb |
| | Anesthesia Resident: Bastis |
| | Postoperative Analgesia Plan: per primary service |
| | Postanesthesia Course:  eventful ___  0  uneventful ___ |
| | Comments: |

Signature: *Cristina Bastis*

*BE SURE TO SIGN ALL YOUR NOTATIONS*



3 1 9 2

UI-3192 Rev. 07/06

**University of Illinois Medical Center at Chicago**

SURGICENTER RECORD

## NURSING CARE NOTES/ADMISSION ASSESSMENT

80350449-0385
THOMAS, ROBERT
DOB 04-02-50
09/28/2008
PLACE PATIENT LABEL HERE

M  O

DATE 2/25    DATE OF SURGERY 2/25/08

PROPOSED OPERATION / PROCEDURE
Chystn I procedure + (R) ring finger

## PREOPERATIVE CHECKLIST

| INFORMATION ON CHART | | | | | YES | N/A | OTHER | CONSULTATIONS | | YES | N/A | OTHER |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| OPERATIVE CONSENT | | | | UA / CS | | | | ANESTHESIA | | | | |
| BLOOD CONSENT | | | | H&H / HCT | | | | PEDIATRIC | | | | |
| 30 DAY STERILIZATION CONSENT | | | | PT / PTT | | | | MEDICINE | | | | |
| ANESTHESIA CONSENT | | | | SICKLE CELL SCREEN | | | | CARDIOLOGY | | | | |
| | YES | N/A | OTHER | ELECTROPHORESIS | | | | SIGNATURE | | | | |
| H & P | | | | HEPAT TEST ANTIGEN | | | | | | | | |
| CHEST X-RAY | | | | HCG / URINE | | | | | | | | |
| EKG | | | | PULMONARY FUNCT / ABG | | | | | | | | |
| CLINICAL CHEMISTRY | | | | OTHER | | | | | | | | |
| CBC | | | | | | | | | | | | |

## ADMISSION ASSESSMENT

DATE 1/26    TIME 125    SENSORIUM    LANGUAGE Engl

ALLERGIES    LATEX ALLERGY    NO KNOWN ALLERGY

PAST MEDICAL HISTORY / SURGICAL HISTORY
bullet wound

VIA: AMBULATORY    W/C    CART    WITH CANE / CRUTCHES    CARRIED    WALKER

ACCOMPANIED BY: Correctn officers

CALL FOR RIDE    YES    NO

PHONE / NAME:

OPERATIVE SITE MARKED    YES    (R) ring finger

Surgical Site Verification    No    (R) ring finger

### ADMITTING VITALS

149/95    HT (INCHES)    WT (LBS)
PULSE    RESP    TEMP

### MEDICATIONS (*MEDS TAKEN)

Morphine  50mg  8/24  0700
LR-4       8/24  0700
ASA 81  2/23  0700

MEDICATIONS RECONCILED

NPO SINCE 8/24 1900

BELONGINGS / Signature:

LOCKER #    WITH FAMILY
WITH PATIENT
DENTURES REMOVED
GLASSES OFF / CONTACTS REMOVED
PROTHESIS REMOVED / INFORMED
UNDERGARMENTS REMOVED/PAMPER
JEWELRY    BODY PIERCING    REMOVED GIVEN TO PT

PERSONAL HABITS: ETOH    SMOKING    ILLICIT DRUGS

HANDICAP / SPECIAL PRECAUTION OR DISABILITY

ID BANDS  R / L  WRIST  /  R / L  ANKLE

## PREPARATIONS / PREOPERATIVE MEDS

IV  SOLUTION / AMOUNT  LR 1000cc
SITE  LH    CATH SIZE:  # 20g

IV STARTED BY

PRE-OP ACCUCHECK    UHCG    POSITIVE    NEGATIVE

| TIME | MEDICATION | DOSE | ROUTE | GIVEN BY | TIME | MEDICATION | DOSE | ROUTE | GIVEN BY |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

NURSE'S NOTES

REPORT OFF SIGNATURE

SIGN OUT RN SIGNATURE

UI - 1100 Rev. 09/06

**University of Illinois Medical Center at Chicago**

SURGICENTER POSTOPERATIVE RECORD
**NURSING CARE NOTES**

| TIME | 1640 | RECEIVED FROM | _(illegible)_ |
|------|------|---------------|------|
| VIA AMB W/C CART CARRIED | | ACCOMPANIED BY | _(illegible)_ |
| PROCEDURE | | ℞ _(illegible)_ finger Flexor P _(illegible)_ | |

| TYPE OF ANESTHESIA: | GENERAL | SPINAL | EPIDURAL | BLOCK | MONITORED ANESTH CARE | IV SED | LOCAL | TOPICAL |
|---|---|---|---|---|---|---|---|---|

TIME _____ INITIAL _____

PAIN SCALE  NO PAIN  0 1 2 3 4 5 6 7 8 9 10  WORST PAIN

WONG-BAKER SCALE  0 NO HURT / 2 HURTS LITTLE BIT / 4 HURTS LITTLE MORE / 6 HURTS EVEN MORE / 8 HURTS WHOLE LOT / 10 HURTS WORST

Quality of Pain:
☐ Aching ☐ Dull ☐ Radiating
☐ Burning ☐ Pressure ☐ Sharp
☐ Cramping ☐ Throbbing
☐ Other

PT. EDUCATION:
TOP C _post op_
V-VERBALIZES UNDERSTANDING  D-DEMONSTRATES
B-BARRIERS NOTED  PT-PATIENT  P-PARENT/FAMILY
S-SIGNIFICANT OTHER

ADEQUATE COMFORT:
LOCATION _Dextro prin_
D-DISTRACTION  P-POSITIONING  C/H-COLD/HEAT
R-RELAXATION TECHNIQUE

## PATIENT ASSESSMENT

| TIME / INIT | BP | P | R | T | O2 | LEVEL OF CONSCIOUSNESS | ACTIVITY | DRESSING / DRAIN / PAD | PAIN |
|---|---|---|---|---|---|---|---|---|---|
| 1640 | 137/72 | 62 | 20 | 97.7 | 95.7 | awake | on bed | ℞ _(illegible)_ | 0 |
| 1705 | 135/63 | 68 | 20 | 97.5 | 96% | AO×3 | _(illegible)_ | ℞ _(illegible)_ | 6 |

| TIME / INIT | MEDICATIONS | DOSE | RTE | SITE | IVPB TOTAL | INDICATION | TIME / INIT | FREQ | RESPONSE | TIME / INIT | PO CC | CC | VOID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

| | IV | BLOOD | U/O | OTHER | | | TIME/INIT | IV FLUID OR BLOOD | SITE | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | EBL | EMESIS | PO | | | | | |
| OR | 900 | | | 500 | | | 1640 | LR @ 400 | L↑P⊘ | | 50 |
| RR | | | | | | | | | 10 | DR×O | |
| SC | 50 | | | | | | | | | 175u | |

**NURSE'S NOTES**

1640 Received awake ⊘ ___ POST-OP ACCUCHECK _____
95% on ℞ _(illegible)_ still ___ ℞ finger ___ good cap refill. Dextro prin. Discharge instructions discussed c pt. & offered. Verbalized understanding. ___ instructions ___ Block given. D/C (home) _(illegible)_

☐ BELONGINGS RETURNED
☐ DISCHARGE INSTRUCTIONS PROVIDED
☑ PRESCRIPTION PROVIDED
☐ NOTE FOR WORK/SCHOOL PROVIDED
☐ CRUTCH TRAINING
☐ DRAIN CARE

## DISCHARGE ASSESSMENT

☐ TOLERATES PO FLUIDS ___
☐ MINIMAL NAUSEA / VOMITING
☐ VITAL SIGNS +/- 20% PRE-OP
☐ RESP DISTRESS ABSENT
☐ ALERT
☐ PAIN CONTROLLED
☐ VOIDED  NA ___
☐ AMBULATED  NA ___
☐ GAG REFLEX PRESENT  NA ___

PATIENT ADMITTED:
☐ 23 HOUR OBSERVATION  ☐ INPATIENT
REASON _____
REPORT TO ____ AT ____ BY ____
TIME ____  ROOM NO ____

TIME 1740  ACCOMPANIED BY _(signature)_
MODE OF DISCHARGE: ☐ AMBULATORY ☐ WHEELCHAIR ☐ STRETCHER ☐ CARRIED
DISCHARGED BY _____

REPORT TO: _____

INITIAL / SIGNATURE _(signature)_

UI - 1100 Rev. 09/05

39



**University of Illinois Medical Center**
at Chicago

## SURGICENTER PREPARATORY INSTRUCTION
## AND FOLLOW-UP REPORT

Thomas, Robert
Statesville Co.

**Preparatory Instruction**

Date: 2/22    Time: 3P

Person spoken to: Christine

☐ Verify Procedure _____

☐ Time to arrive in Surgicenter _____ 10Am

☐ Directions and location

☐ Parking instructions

☐ Dietary Restrictions _____ Npo pmn

☐ Medications _____

   Instructions _____

☐ Personal preparation and attire:
  makeup, nail polish, jewelry, bath/shower,
  hair washing

☐ Responsible adult to accompany - no children

☐ Symptoms, i.e.: cold, flu

☐ Valuables/Misc.

Comments: _____

_____ Rose Traveder ___ (R.N.)

**Follow Up Report**

Date: 2/26/06    Time: 0900

Person spoken to: statesville doctor

☐ General condition _____ good

☐ Diet _____ Good

☐ Nausea/Vomiting _____ none

☐ Pain _____ controlled

☐ Wound/Dressing _____ ok

☐ Activity _____ open

☐ Follow Up Appointment _____

☐ Problems/Questions _____

Comments: _____

_____ (R.N.)

Renew
2/26



40

1020 Rev 10/02



**University** of
**Illinois**
**Medical Center**
at Chicago

80350449-0385
THOMAS, ROBERT
008 04-02-50       N   O
09/28/2008

# SURGICAL / PROCEDURAL
# DISCHARGE INSTRUCTIONS

Patient _____ Procedure _FNP Resection_ Physician _Brennan_ M.D.

**DIET**
☒ Resume normal diet – No Restriction          ☐ Liquids, soft, or light diet today, normal diet tomorrow
☐ _____

**BATHING**
☐ No restrictions     ☐ Shower only until _____     ☐ Sponge bath only until _____
☒ _Keep cast dry @ all times_

**MEDICATION INSTRUCTIONS (Check all that apply)**
☐ Medication list provided to patient (Required for all prescription and non-prescription meds such as aspirin and vitamins.)
☒ Prescriptions given     ☐ Medications from home returned to patient
☐ No medications, prescription on non-prescription for home required

**WOUND CARE**
☒ Do not remove bandage     ☐ Remove bandage in ____ day(s) and clean wound with _____

**ACTIVITY**
☐ No restriction     ☐ Rest today, increase activity tomorrow as tolerated
☐ Rest for _____ day(s), then increase activity as tolerated
☒ _No lifting RUE_
☐ Return to work/school in _____ days

**CLINIC APPOINTMENT**
☒ Return to _Ortho_ clinic on _5/8/08_ at _4pm_
☐ Call _____ clinic 312-996-_1360_ for appointment
☐ _____

**SPECIAL INSTRUCTIONS/COMMENTS**

| GENERAL INSTRUCTION | IN CASE OF: |
|---|---|
| *DO NOT* work with any electrical or mechanical devices for 24 hours<br>*DO NOT* drive for 24 hours after surgery<br>*DO NOT* drink alcoholic beverages for 24 hours after surgery<br>*NO NOT* make important decisions or sign important documents for 24 hours after surgery (until your full mental alertness returns) | 1. Continuous or heavy bleeding<br>2. Difficulty breathing<br>3. Fever / chills<br>4. Continuous nausea and vomiting<br>5. Drainage from surgical area<br>Call Dr. _____ at 312-996-6780 or call the emergency department at 312-996-7297 or go to the emergency department |

I have received a copy of and understand the above instructions

_____  and    _____
Patient                                   Responsible adult with patient

_____ (signature)                Relationship          Date

Physician / Nurse                             Date

4|                                          UI-1017E (10/07)

* Preliminary Report *

| | |
|---|---|
| Result Type: | Orthopedic Note |
| Result Date: | April 15, 2008 12:00 AM |
| Result Status: | Transcribed |
| Result Title: | Orthopedic Note- ATTENDING:.Boonmee Chunprapaph, M.D. |
| Performed By: | Thormeyer MD, Jeffrey Robert on April 15, 2008 5:21 PM |
| Encounter info: | 80350449-0386, UICMC, OUTPATIENT, - 4/15/2008 |

## * Preliminary Report *

**Orthopedic Note- ATTENDING:.Boonmee Chunprapaph, M.D.**
   University of Illinois Medical Center at Chicago

CLINIC NOTE            Patient: THOMAS, ROBERT

DICT: JEFFREY THORMEYER. M.D. MRN: 080350449
ATTNG: BOONMEE CHUNPRAPAPH, MD DATE OF SERVICE: 04/15/2008

DATE OF BIRTH: 04/02/1950

CHIEF COMPLAINT: Status post status post Hunter rod procedure.

HPI: This is a 55-year-old African American male, state jail inmate. who
is status post Hunter rod procedure of FDP and tendon transfer of the FDP,
a tendon in the right ring finger. This procedure was performed on
February 25, 2008, approximately 7 weeks ago. Today, the patient comes in
to the clinic after having tried to remove his Calmdigger splint over the
weekend, because of. what the patient described as a putrid smell. The
patient denies any complaints outside of mild pain at the distal right ring
finger. He denies any fevers, chills, nausea, vomiting, or night sweats.

PHYSICAL EXAMINATION: The patient is a well-developed, well-nourished
African American male, who is in no apparent distress. He is alert and
oriented x3. The patient's upper extremity is in a damaged Clamdigger
splint. The patient's sensation is intact distally. He is able to flex
all digits at the PIP joint, however, flexion at the DIP of that right ring
finger is minimal and very sluggish. The button attaching the suture over
the nail is hanging very loosely.

ASSESSMENT AND PLAN: This is a 58-year-old male who originally sustained a
laceration to his flexor digitorum profundus of his right ring finger
status post Hunter 2 procedure. The patient attempted to remove cast and
may have internally damaged the repair of the flexor digitorum profundus
tendon given the state of the button suture and the inability to fully flex
at the distal interphalangeal joint of the right ring finger. We have
removed the suture and button given its current state. We will remove the

| | |
|---|---|
| Printed by: | Johnson , Christal |
| Printed on: | 4/30/2008 3:37 PM |

* Preliminary Report *

cast at this time and buddy-tape the long and ring fingers in 2 places in a
position of comfort and flexion of the distal interphalangeal and proximal
interphalangeal joints. We will have the patient return to clinic in
approximately 3 weeks. We will reevaluate the status of the repair.

The patient was seen and examined by the attending Dr. Boonmee who agrees
with the above plan.


DD: 04/15/2008
DT: 04/15/2008
JT/cym
JOB:547047


**Completed Action List:**
* Perform by Thormeyer MD, Jeffrey Robert on April 15, 2008 5:21 PM
* Transcribe by  on April 15, 2008 6:23 PM

Orthopedic Note
* Final Report *

Result Type:         Orthopedic Note
Result Date:         March 04, 2008 12:00 AM
Result Status:       Modified
Result Title:        Orthopedic Note- ATTENDING:.Boonmee Chunprapaph, M.D.
Performed By:        Dubin MD, Jonathan on March 05, 2008 3:03 PM
Verified By:         Dubin MD, Jonathan on March 10, 2008 7:18 AM
Encounter info:      80350449-0384, UICMC, OUTPATIENT, - 3/4/2008

## * Final Report *
## Document Contains Addenda

**Orthopedic Note- ATTENDING:.Boonmee Chunprapaph, M.D.**
University of Illinois Medical Center at Chicago

CLINIC NOTE                         Patient: THOMAS, ROBERT

DICT:  Jonathan Dubin, MD       MRN: 080350449
ATTNG: BOONMEE CHUNPRAPAPH, MD DATE OF SERVICE: 03/04/2008

DATE OF BIRTH:  04/02/1950

HISTORY OF PRESENT ILLNESS:  This is a 57-year-old inmate at Statesville.
He is status post Hunter rod procedure of FDP and tendon transfer of the
FDP tendon of the right ring finger.  This procedure was performed on
February 25, 2008.  Today, the patient comes in the clinic for routine
followup.  Patient denies any complaints.  His pain is well-controlled.
Denies any fevers, chills, nausea, vomiting and night sweats.

PHYSICAL EXAMINATION:  Reveals a well-developed, well-nourished African
American male in no apparent distress.  Alert and oriented x3.  Patient's
extremity is in a dorsal blocking splint which has sustained some damage in
between the first web space.  However, patient's sensation appears to be
intact.  He is able to flex all of his fingers.

ASSESSMENT AND PLAN:  This is a 57-year-old male who sustained a laceration
to his flexor digitorum profundus tendon to his right ring finger, status
post Hunter tube procedure to flexor digitorum profundus tendon.  Patient
appears to be improving well postoperatively.  At this time, we would like
to extend the dorsal blocking splint for another one as the splint has
sustained some damage.  I would like to see the patient return to clinic in
4 weeks for a repeat evaluation.

The above assessment and plan were discussed with the patient.  He agreed
to his understanding.

Patient was seen and evaluated with Dr. Boonmee Chunprapaph.

Printed by:    Johnson , Christal
Printed on:    4/30/2008 3:37 PM

Page 1 of 2
(Continued)

\* Final Report \*

DD: 03/05/2008
DT: 03/05/2008
JD/cym
JOB: 754218

**Addendum by Chunprapaph MD, Boonmee on March 11, 2008 12:54 PM**
I was present with resident during the history and exam. I discussed the case with the resident and agree with the findings and plan as documented in the resident's note.

Boonmee Chunprapaph, M.D.

**Completed Action List:**
\* Perform by Dubin MD, Jonathan on March 05, 2008 3:03 PM
\* Transcribe by  on March 05, 2008 3:49 PM
\* Sign by Dubin MD, Jonathan on March 10, 2008 7:18 AM  March 10, 2008 7:18 AM
\* VERIFY by Dubin MD, Jonathan on March 10, 2008 7:18 AM
\* Review by Chunprapaph MD, Boonmee on March 11, 2008 12:54 PM  Requested by Dubin MD, Jonathan on March 11, 2008 12:54 PM
\* Modify by Chunprapaph MD, Boonmee on March 11, 2008 12:54 PM
\* Sign by Chunprapaph MD. Boonmee on March 11, 2008 12:54 PM

\* Final Report \*

| | |
|---|---|
| Result Type: | Anesthesia Services Consult |
| Result Date: | February 25, 2008 1:54 PM |
| Result Status: | Auth (Verified) |
| Result Title: | nerve block note |
| Performed By: | Oswald MD, Sarah on February 25, 2008 1:58 PM |
| Verified By: | Oswald MD, Sarah on February 25, 2008 1:58 PM |
| Encounter info: | 80350449-0385, UICMC, SURGI-CENTER, - 2/25/2008 |

## \* Final Report \*

### University of Illinois at Chicago Medical Center
### Anesthesiology Procedure Note - PERIPHERAL NERVE BLOCKADE

**Peripheral Nerve Block(s) performed**: supraclavicular brachial plexus block

**Approach(es: supraclavicular    Side confirmed**: [_x] Right    [_] Left

**Diagnosis/pain location**: right ring finger

**Surgical Procedure**: right ring finger tendon repair

**Indication**: The block(s) was placed for: [_] Perioperative Analgesia  [_x] Surgical anesthesia
[_] The procedure was specifically for management of postoperative pain by Dr. _____.

**Physical Assessment of site to be blocked**:          [_x] Motor _5/5          [_] Reflexes ___
                  **Presence of Neuropathy**:          [_] None   [_] Yes, _____

**Consent**:  History and physical examination were performed.  Risks, benefits and alternatives to this regional
anesthetic were discussed with the patient.  Risks discussed included: [_] bleeding  [_] infection  [_] nerve injury
[_] headache  [_] pneumothorax  [_] other: _____.  All patient questions were answered.  Consent
was given by patient.  A "time-out" with 2 active identifiers of the patient, the procedure, and the site was
performed.

**Date**: 2/25/2008      **Start time** (12:27)    **End time** (13:07)

**Monitors**: [_x] NIBP  [_x] ECG  [x_] SaO2  [_x] O2

**Initial Vitals**:  **BP**: 117/77   **HR**: 69  **SaO2**: 95%

**Preparation**: [_] povidone-iodine [_x] chlorhexidine  [_] iodophor/isopropyl  [_] alcohol  [_] drape

**Position**: [x_] supine  [_] prone  [_] LLD  [_] RLD  [_] sitting

**Needle(s)**: [_x] short-bevel  [x_] Touhy  [_] long-bevel  [_] pencil-tipped  [_] Quincke  [_] introducer
                **Manufacturer, length, gauge(s)**: Polymedic; 70mm; 22g

**Technique**: [x_] injection through needle
                [_x] nerve stimulation  [_] infiltration  [x_] ultrasound

| Motor | | m | m | Depth | Techniqu | Sedation | Dose |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

* Final Report *

| Response | A | S | (cm) | ● | given | |
|---|---|---|---|---|---|---|
| wrist extension | 0.5 | | | [x_] needle | Midazolam | 5mg, divided doses |
| | | | | [_] catheter | Fentanyl | 150,mcg |
| | | | | | | |

**Injectate:** [_] bupivacaine  [x_] ropivacaine  [x_] mepivacaine  [_] lidocaine  [_] 2-CP

| Concentration (%) | Volume (mL) | Adjunct | Epinephrine |
|---|---|---|---|
| 1.5% mepivcaine | 20cc | | [_] 1/200,000 [_x] not used |
| 0.5% ropivacaine | 20cc | | |

**Narrative:** Injection was made incrementally with constant monitoring and aspiration every 5 ml's.

**Events:** [_x] none: easy and well tolerated; no blood aspirated; negative intravenous test using epinephrine; no pain on injection noted; normal resistance on injection.
[_] difficult (# of attempts___): _____; action taken: _____.

**Complication(s):** [x_] none [_] dyspnea [_] parasthesia (distribution:____) [_] bleeding [_] other:__

**Success:** [_x] complete [_] partial [_] failed [_] aborted [_] full evaluation pending

**Post Vitals: BP:** 127/81  **HR:** 73  **SaO2:** 99%

The procedure was performed by S. Oswald/ P. Espaison. The Attending Anesthesiologist who medically directed and was present for entire procedure is  Dr. Babb.

**Completed Action List:**
* Perform by Oswald MD. Sarah on February 25. 2008 1:58 PM
* Sign by Oswald MD, Sarah on February 25, 2008 1:58 PM
* VERIFY by Oswald MD, Sarah on February 25, 2008 1:58 PM

47

* Final Report *

| | |
|---|---|
| Result Type: | Operative Report |
| Result Date: | February 25, 2008 12:00 AM |
| Result Status: | Auth (Verified) |
| Result Title: | Operative Report- ATTENDING:.Boonmee Chunprapaph, M.D. |
| Performed By: | Chunprapaph MD, Boonmee on February 25, 2008 6:02 PM |
| Verified By: | Chunprapaph MD, Boonmee on February 26, 2008 6:32 AM |
| Encounter info: | 80350449-0385, UICMC. SURGI-CENTER, - 2/25/2008 |

## * Final Report *

**Operative Report- ATTENDING:.Boonmee Chunprapaph, M.D.**

University of Illinois Medical Center at Chicago

Report of Operation          Patient: THOMAS, ROBERT

DICT: ALEX ROMERO, MD          MRN: 080350449
ATTNG: BOONMEE CHUNPRAPAPH, MD  Date of Surgery: 02/25/2008


PREOPERATIVE DIAGNOSIS: Right ring finger flexor digitorum profundus disruption, status post Hunter rod placement.

POSTOPERATIVE DIAGNOSIS: Right ring finger Flexor digitorum profundus disruption, status post Hunter rod placement.

SURGEON(S): BOONMEE CHUNPRAPAPH, MD

ASSISTANT(S):

RESIDENT: ALEX ROMERO, MD

PROCEDURE: Removal of Hunter rod and  right palmaris longus tendon graft to FDP of ring finger.

ANESTHESIA: Regional.

IV FLUIDS: Per anesthetic record.

TOURNIQUET TIME: 120 minutes.

ESTIMATED BLOOD LOSS: 10 mL.

PATHOLOGY: None.

IMPLANTS: None.


| | |
|---|---|
| Printed by: | Johnson , Christal |
| Printed on: | 4/30/2008 3:37 PM |

* Final Report *

DISPOSITION:  To PACU in stable condition.

OPERATIVE INDICATIONS:  Mr. Thomas is a 57-year-old inmate who suffered a
disruption to his FDP to his ring finger that became chronic in nature.  Due
to the loss of function of his FDP to his ring finger, discussion was had to
do a reconstruction.  The first stage of this reconstruction was performed on
November 7, 2007 by Dr. Boonmee.  At that time, it was noted that the patient
had disruption distal to the PIP joint.  A Hunter rod was therefore placed in
the ring finger from the PIP distally.  He returns today for the second stage
of that procedure.  The risks and benefits of the procedure were discussed
with the patient.  He again agreed to going forward with the procedure.  The
appropriate extremity was identified and marked in the preoperative holding
area.

OPERATIVE TECHNIQUE:  The patient received preoperative regional anesthesia in
the holding area.  The patient was brought into the operating room and placed
in the supine position on the operating table.  The right upper extremity had
a nonsterile tourniquet applied.  IV antibiotics prophylactically were
administered.  The patient had the right upper extremity prepped and draped in
the sterile fashion.

The right upper extremity was exsanguinated using an Esmarch bandage.  The
tourniquet was inflated to 250 mmHg.  The right hand was used to retract the
digits in an external position.  An incision was made following the patient's
old Brunner incision scar from the distal phalanx proximally into the distal
aspect of the palm.  The skin flaps were elevated using sharp dissection.
Care was taken to remain superficial to the neurovascular bundle.  Blunt
dissection was carried out down to the level of the new tendon sheath.  The
Hunter rod was medially identified on the distal phalanx.  The figure-of-8
sutures that were placed at the last procedure were excised.  The Hunter rod
was freely moved within its newly formed sheath.  The dissection was again
further carried out down to the level of the FDP tendon over the proximal
phalanx.  FDS was noted to be intact.  FDP was present at this level and was
scarred into the level of the PIP joint.  Taking care to avoid damaging
neurovascular structures, this dissection was carried proximally into the
palm.

After exposing the digit, our attention was turned towards harvesting of the
graft.  A curvilinear incision was made over the distal aspect of the volar
forearm at the level of the wrist crease.  Palmaris longus was immediately
identified.  A tendon stripper was passed approximately 20 cm proximally.  The
tendon stripper would not completely harvest the graft.  We therefore made a
second incision approximately 1 cm in length over the volar forearm at the
level of the midforearm.  The tendon passer and the palmaris longus tendon
were both immediately identified.  The palmaris longus tendon was then
retracted out of the proximal incision and excised.  Again, we noted that we
had approximately 15 cm of tendon graft.  We then returned to the ring finger
for placement of the tendon graft, although the FDP was intact to the level of
the PIP joint and we felt it would be more beneficial to perform our

* Final Report *

anastomosis at the level just proximal to the A1 pulley as to decrease the amount of adhesions. Using figure-of-8 sutures, the distal aspect of the palmaris tendon graft was then sutured into the proximal aspect of the Hunter rod. The Hunter rod was then removed out the distal segments of the new sheath. This brought our tendon out distally at the level of the distal phalanx. Likewise, the FDP tendon at the level of the proximal phalanx, this was sutured to the proximal aspect of our tendon graft. The FDP was then retracted with sheath along with our tendon graft through the incision in the distal palm. The excess FDP tendon was then excised. The figure-of-8 sutures were removed. The tendon graft was then weaved into the intact FDP tendon proximally using the technique described by Pulvertaft in the end-weave fashion was performed without difficulty.

We turned our attention to the excision of the distal graft. The patient did not have sufficient FDP tendon at the distal phalanx. Decision was made to fix the FDP tendon to the distal phalanx through drill tunnels and tieing over a button. We placed two 0.45-mm K-wires through the proximal aspect of the distal phalanx angulated dorsally and distally through the nail plate. Using a 3-0 nylon suture, a Krackow stitch was placed in the distal aspect of our tendon graft. One at a time, each of the 0.45 K-wires was removed in this tunnel. We followed with a Keith needle holding each strand of our Krackow suture. The FDP tendon was then appropriately tensioned, so that the resting position lie in between that of the small finger and long finger. Again, this was tied over a button on the dorsal aspect of the nail plate. The wound was then copiously irrigated with sterile saline. The apices of the Brunner incision were closed using apical stitches. The remainder of the length was closed using running 5-0 Vicryl sutures. The curvilinear incision in the wrist crease as well as the midforearm volar incision were both additionally closed using interrupted horizontal locked mattress sutures with 5-0 Vicryl. The wounds were all dressed with Xeroform, 4 x 4's and overwrapped with a Kling. The patient was placed in a dorsal blocking cast that extended out to the fingertips with the wrist in approximately 10 degrees of volar angulation in the MCPs at 90 degrees of volar angulation. Again, this was extended into a cast and the cast was univalved for swelling. Dr. Boonmee was present and scrubbed for the entire procedure. The patient was transferred to the gurney and back to same-day surgery in a stable condition.

DD: 02/25/2008
DT: 02/26/2008
AR/cym
JOB:739770

**Completed Action List:**
* Perform by Chunprapaph MD, Boonmee on February 25, 2008 6:02 PM
* Transcribe by  on February 26, 2008 2:43 AM

Printed by:    Johnson , Christal
Printed on:    4/30/2008 3:37 PM

# Operative Report

THOMAS, ROBERT - 80350449

* Final Report *


* Sign by Chunprapaph MD. Boonmee on February 28, 2008 6:32 AM  February 28, 2008 6:32 AM
* Modify by Chunprapaph MD, Boonmee on February 28, 2008 6:32 AM
* VERIFY by Chunprapaph MD, Boonmee on February 28, 2008 6:32 AM

5f

* Final Report *

| | |
|---|---|
| Result Type: | Anesthesia Services Consult |
| Result Date: | February 25, 2008 1:54 PM |
| Result Status: | Auth (Verified) |
| Result Title: | nerve block note |
| Performed By: | Oswald MD, Sarah on February 25, 2008 1:58 PM |
| Verified By: | Oswald MD, Sarah on February 25, 2008 1:58 PM |
| Encounter info: | 80350449-0385, UICMC. SURGI-CENTER, - 2/25/2008 |

## * Final Report *

### University of Illinois at Chicago Medical Center
### Anesthesiology Procedure Note - PERIPHERAL NERVE BLOCKADE

**Peripheral Nerve Block(s) performed**: supraclavicular brachial plexus block

**Approach(es: supraclavicular    Side confirmed**: [_x] Right    [_] Left

**Diagnosis/pain location**: right ring finger

**Surgical Procedure**: right ring finger tendon repair

**Indication**: The block(s) was placed for: [_] Perioperative Analgesia  [_x] Surgical anesthesia
[_] The procedure was specifically for management of postoperative pain by Dr. _____.

**Physical Assessment of site to be blocked**:    [_x] Motor _5/5    [_] Reflexes ___
**Presence of Neuropathy**:    [_] None  [_] Yes, _____

**Consent**:  History and physical examination were performed.  Risks, benefits and alternatives to this regional anesthetic were discussed with the patient.  Risks discussed included: [_] bleeding  [_] infection  [_] nerve injury  [_] headache  [_] pneumothorax  [_] other: _____.  All patient questions were answered.  Consent was given by patient.  A "time-out" with 2 active identifiers of the patient, the procedure, and the site was performed.

**Date**: 2/25/2008.    **Start time** (12:27)  **End time** (13:07)

**Monitors**: [_x] NIBP  [_x] ECG  [x_] SaO2  [_x] O2

**Initial Vitals**: **BP**: 117/77  **HR**: 69  **SaO2**: 95%

**Preparation**: [_] povidone-iodine  [_x] chlorhexidine  [_] iodophor/isopropyl  [_] alcohol  [_] drape

**Position**: [x_] supine  [_] prone  [_] LLD  [_] RLD  [_] sitting

**Needle(s)**: [_x] short-bevel  [x_] Touhy  [_] long-bevel  [_] pencil-tipped  [_] Quincke  [_] introducer
      **Manufacturer, length, gauge(s)**: Polymedic; 70mm; 22g

**Technique**: [x_] injection through needle
      [_x] nerve stimulation  [_] infiltration  [x_] ultrasound

| Motor | | m | m | Depth | Techniqu | | Sedation | Dose | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

* Final Report *

| Response | A | S | (cm) | e | | given | |
|----------|---|---|------|---|---|-------|---|
| wrist extension | 0.5 | | | [x_] needle | | Midazolam | 5mg, divided doses |
| | | | | [_] catheter | | Fentanyl | 150,mcg |
| | | | | | | | |

**Injectate:** [_] bupivacaine  [x_] ropivacaine  [x_] mepivacaine  [_] lidocaine  [_] 2-CP

| Concentration (%) | Volume (mL) | Adjunct | Epinephrine |
|-------------------|-------------|---------|-------------|
| 1.5% mepivacaine | 20cc | | [_] 1/200,000 [x] not used |
| 0.5% ropivacaine | 20cc | | |

**Narrative:** Injection was made incrementally with constant monitoring and aspiration every 5 ml's.

**Events:** [_x] none: easy and well tolerated; no blood aspirated; negative intravenous test using epinephrine; no pain on injection noted; normal resistance on injection.
[_] difficult (# of attempts___): _____; action taken: _____.

**Complication(s):** [x_] none [_] dyspnea [_] parasthesia (distribution:____) [_] bleeding [_] other:__

**Success:** [x] complete [_] partial [_] failed [_] aborted [_] full evaluation pending

**Post Vitals: BP:** 127/81  **HR:** 73  **SaO2:** 99%

The procedure was performed by S. Oswald/ P. Espalson. The Attending Anesthesiologist who medically directed and was present for entire procedure is Dr. Babb.

**Completed Action List:**
* Perform by Oswald MD. Sarah on February 25. 2008 1:58 PM
* Sign by Oswald MD, Sarah on February 25, 2008 1:58 PM
* VERIFY by Oswald MD, Sarah on February 25, 2008 1:58 PM

* Final Report *

Result Type:        Surgicenter Documents
Result Date:        February 25, 2008 5:00 PM
Result Status:      Auth (Verified)
Encounter info:     80350449-0365, UICMC, SURGI-CENTER, - 2/25/2008

## * Final Report *

Orthopedic Note                                    THOMAS, ROBERT - 80350449

* Final Report *

Result Type:        Orthopedic Note
Result Date:        January 15, 2008 12:00 AM
Result Status:      Auth (Verified)
Result Title:       Orthopedic Note- ATTENDING:.Boonmee Chunprapaph, M.D.
Performed By:       Barmada PA, Owen on January 15, 2008 4:06 PM
Verified By:        Barmada PA, Owen on January 16, 2008 10:36 AM
Encounter info:     80350449-0383, UICMC. OUTPATIENT, - 1/15/2008

## * Final Report *

**Orthopedic Note- ATTENDING:.Boonmee Chunprapaph, M.D.**
University of Illinois Medical Center at Chicago

CLINIC NOTE           Patient: THOMAS, ROBERT

DICT: OWEN BARMADA, P.A.    MRN: 080350449
ATTNG: BOONMEE CHUNPRAPAPH, MD DATE OF SERVICE: 01/15/2008

DATE OF BIRTH: 04/02/1960


This patient is a 57-year-old inmate at Stateville. He is status post Hunter
I procedure of the FDP tendon in the right ring finger. This was performed on
November 5, 2007. He is here to schedule the second procedure. Patient
reports to me doing well. He has been in the clamdigger splint and has been
working on range of motion.

Today on examination, the patient is alert and oriented. He does not appear
to be in any acute distress. He rates his pain as 0 out of 10. Surgical
scars are clean, dry, and intact without any signs of any infection. He is
neurovascularly intact distally. He has got good range of motion in the PIP
joint but limited in the DIP joint. At this time, we want him to remove the
clamdigger and start working on passive range of motion at the DIP joint. We
took some pictures under fluoroscopy to see where the rod is. It is still in
place and intact. We have tentatively placed him on a schedule for a Hunter
II procedure of the FDP tendon in the right ring finger. This is scheduled
for February 25, 2008. Surgical packet was completed today. History and
physical was performed and consent was signed. Of note, the patient does
suffer from hypertension as well as hepatitis C.

The patient did voice an understanding of the current treatment plan, and this
patient was seen with Dr. Boonmee Chunprapaph who agrees with the above
assessment and plan.


Printed by:     Johnson , Christal                              Page 1 of 2
Printed on:     4/30/2008 3:37 PM                               (Continued)

* Final Report *


DD: 01/15/2008
DT: 01/16/2008
OB/cym
JOB:680417

        1


**Completed Action List:**
* Perform by Barmada PA, Owen on January 15, 2008 4:06 PM
* Transcribe by  on January 16, 2008 5:27 AM
* Sign by Barmada PA, Owen on January 16, 2008 10:36 AM  January 16, 2008 10:36 AM
* VERIFY by Barmada PA, Owen on January 16. 2008 10:36 AM

# Orthopedic Note

THOMAS, ROBERT - 80350449

* Final Report *

Result Type:        Orthopedic Note
Result Date:        January 15, 2008 5:19 PM
Result Status:      Modified
Result Title:       Surgery Plan
Performed By:       Howard RN, Vanessa on January 15, 2008 5:22 PM
Verified By:        Howard RN, Vanessa on January 15, 2008 5:22 PM
Encounter info:     80350449-0383, UICMC, OUTPATIENT, - 1/15/2008

## * Final Report *
## Document Contains Addenda

Surgery Plan
Pt to be scheduled for surgery: DOS: 02/25/08 w/Dr.Boonmee
Dx. s/p (R) hand/RF Hunter I  Procedure: (R) hand/RF Hunter II. Pre-op tests: cbc, coags, LFT(s), Ecg.
Pt is an inmate at Stateville IL DOC. No dates or times given to pt or guards.
Surgery plan faxed to Stateville IL DOC, medical & UIC inmate coordinator, B.Harvey.
VHRN.

**Addendum by Howard RN, Vanessa on January 15, 2008 6:38 PM**
IL DOC facility notified to stop asa 1 wk pta/surg.
VHRN.

**Completed Action List:**
* Perform by Howard RN, Vanessa on January 15, 2008 5:22 PM
* Sign by Howard RN, Vanessa on January 15, 2008 5:22 PM
* VERIFY by Howard RN, Vanessa on January 15, 2008 5:22 PM
* Sign by Howard RN, Vanessa on January 15, 2008 6:38 PM
* Modify by Howard RN, Vanessa on January 15, 2008 6:38 PM

* Final Report *

| | |
|---|---|
| Result Type: | Orthopedic Note |
| Result Date: | November 20, 2007 12:00 AM |
| Result Status: | Modified |
| Result Title: | Orthopedic Note- ATTENDING:.Boonmee Chunprapaph, M.D. |
| Performed By: | McFadden MD, James on November 20, 2007 4:59 PM |
| Verified By: | McFadden MD, James on November 21, 2007 6:57 AM |
| Encounter info: | 80350449-0362, UICMC, OUTPATIENT, - 11/20/2007 |

# * Final Report *
## Document Contains Addenda

**Orthopedic Note- ATTENDING:.Boonmee Chunprapaph, M.D.**
University of Illinois Medical Center at Chicago

CLINIC NOTE                    Patient: THOMAS, ROBERT

DICT: JAMES MCFADDEN, MD      MRN: 080350449
ATTNG: BOONMEE CHUNPRAPAPH, MD DATE OF SERVICE: 11/20/2007

DATE OF BIRTH: 04/02/1950

CHIEF COMPLAINT: The patient comes in today 1 week status post right ring finger flexor digitorum profundus Hunter 1 tendon reconstruction with synthetic rod.

HISTORY OF PRESENT ILLNESS: The patient states that he has been doing well. He does not really have any pain. He has tolerated everything well. He has kept his splint applied. He changed his dressing once when it got a little bit dirty, but otherwise he had no complaints.

PHYSICAL EXAM: On exam, with all the dressings removed, there does not appear to be any swelling of the finger. The wound has healed well. The Vicryl stitch appears to be intact. The patient has full range of motion about the MCPJ. He does not have any active flexion of the PIPJ or DIPJ, but he does have passive flexion at this digit. He is neurovascularly intact. The medial, ulnar, and radial nerves, capillary refill was excellent.

ASSESSMENT: This is a 57-year-old man now 1 week status post Hunter 1 tendon reconstruction of the right ring finger flexor digitorum profundus. The patient is stable and doing well.

PLAN: The patient will return to see us in clinic in approximately 3 to 4 weeks' time, we are going to put him back in to a plaster clam-digger splint and we will have him use passive and active range of motion to allow the IP joint to flex from their extended posture. Patient agrees with and understands the treatment plan.

| | |
|---|---|
| Printed by: | Johnson , Christal |
| Printed on: | 4/30/2008 3:37 PM |

\* Final Report \*

Dr. Boonmee is present for the visit.

DD: 11/20/2007
DT: 11/20/2007
JM/cym
JOB:605478

**Addendum by Chunprapaph MD, Boonmee on November 21, 2007 11:53 AM**
I was present with resident during the history and exam. I discussed the case with the resident and agree
with the findings and plan as documented in the resident's note.

Boonmee Chunprapaph, M.D.

**Completed Action List:**
\* Perform by McFadden MD, James on November 20, 2007 4:59 PM
\* Transcribe by  on November 20, 2007 10:07 PM
\* Sign by McFadden MD, James on November 21, 2007 6:57 AM  November 21, 2007 6:57 AM
\* VERIFY by McFadden MD, James on November 21, 2007 6:57 AM
\* Review by Chunprapaph MD, Boonmee on November 21, 2007 11:53 AM  Requested by McFadden MD, James
on November 21. 2007 11:53 AM
\* Modify by Chunprapaph MD, Boonmee on November 21, 2007 11:53 AM
\* Sign by Chunprapaph MD, Boonmee on November 21, 2007 11:53 AM

IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT THOMAS,                    )
                                  )
            Plaintiff,            )
                                  )
vs.                               )    Civil Action No. _____
                                  )
PARTHA GHOSH, M.D., et. al        )
                                  )
            Defendants,           )

NOTICE OF FILING

TO:  Clerk
     U.S. District Court
     219 S. Dearborn Street
     Chicago, Illinois 60604

     PLEASE TAKE NOTICE that on August 8th , 2008, I have caused
to be filed the requisite number of copies and original of my pro
se Complaint, filed pursuant to Title 42, Section 1983 under the
Civil Rights Act, with the Clerk, at the above-mentioned address.
A copy of which is hereby being served upon you.

                              Respectfully submitted,

                              _Robert Thomas_____
                              Robert Thomas, plaintiff
                              Register No. N-53969
                              Stateville Correctional Center
                              Post Office Box 112
                              Joliet, Illinois 60434-0112

CERTIFICATE OF SERVICE

     I, ROBERT THOMAS, do hereby certify that I have caused to be
served on the party listed-above copies of the aforementioned
document by placing same in the U.S. Mail through the mailroom
situated at the Stateville Correctional Center on August 8th ,
2008, awaiting postage and delivery by State.

                              _Robert Thomas_____
                              Robert Thomas, affiant

AFFIRMATION

     I, ROBERT THOMAS, do hereby affirm under the penalties of
perjury that the foregoing is true and correct in the best of my
knowledge and belief.

                              _Robert Thomas_____
                              Robert Thomas, affiant