IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS, N53969, | ) | |
| | ) | |
| Plaintiff, | ) | No.08-CV-4644 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| PARTHA GHOSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, PARTHA GHOSH, M.D., by his attorneys, CHARYSH &

SCHROEDER, LTD., for his Answer To Plaintiff's Amended Complaint, states as

follows:

This is a complaint for actual and punitive damages brought under 42 U.S.C.

§1983, in connection with the deliberate indifference to plaintiff Robert Thomas' medical

needs by the defendants. Plaintiff Thomas is a prisoner confined at Stateville

Correctional Center, whom sustained a "non-de-minimis" finger injury. The unnecessary

delay of 107 days to obtain an xray resulted in substantial damage to plaintiff's finger,

resulting in two corrective surgery attempts to correct the deformity. The defendant's

deliberate indifference to plaintiff Thomas' medical needs violates his Eighth

Amendment's prohibition against cruel and unusual punishment.

**ANSWER**:    Defendant admits that plaintiff is attempting to bring a civil action seeking

damages pursuant to 42 U.S.C. § 1983, and that plaintiff is a prisoner confined at

Stateville Correctional Center. Defendant specifically denies the remaining allegations contained in this paragraph.

## I.

## JURISDICTION

1.      The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq.

**ANSWER**:     Defendant admits plaintiff is attempting to invoke jurisdiction pursuant to the provisions of the Civil Rights Act, 42 U.S.C. §1983 et seq.

2.      The court also has jurisdiction over plaintiff Thomas' state-law claims, pursuant to 28 U.S.C. §1367.

**ANSWER**:     Defendant admits plaintiff is attempting to invoke jurisdiction pursuant to the provisions of 28 U.S.C. §1367, but denies that plaintiff is bringing any such "state-law claims".

## II.

## VENUE

3.      This is an appropriate venue because all of the acts alleged herein occurred within the County of Will, State of Illinois.

**ANSWER**:     Defendant admits the allegations contained in this paragraph.

4.      All of these acts alleged herein were in the course and scope of their employment and under the color of law.  These defendants are sued in their individual capacities.

**ANSWER**:     Defendant admits that at all times relevant to the allegations against him, he was working in the course and scope of his employment and under the color of law.

Defendant further admits that plaintiff is attempting to sue him in his individual capacity. Defendant specifically denies the remaining allegations contained in this paragraph.

III.

PARTIES

5.      Plaintiff Robert Thomas was at all relevant times, incarcerated at Stateville Correctional Center in Joliet, IL.

**ANSWER**:     Defendant admits the allegations contained in this paragraph.

6.      Defendant Partha Ghosh was at all relevant times, acting under the color of law, as a licensed medical doctor in the State of Illinois, and employed by the Illinois Department of Corrections, [hereinafter referred to as IDOC], is sued in his individual capacity.

**ANSWER**:     Defendant admits that at all times relevant to the allegations against him, he was working as a licensed medical doctor in the State of Illinois, and acting under the color of law.  Defendant further admits that plaintiff is attempting to sue him in his individual capacity.  Defendant specifically denies the remaining allegations contained in this paragraph.

7.      Defendant Kevin C. Halloran was at all relevant times, Chief Executive Officer of Wexford Health Sources, Inc. [hereinafter referred to as Wexford], which provides comprehensive health care services (including medical, mental health, dental, pharmacy and utilization management services) to Stateville Correctional Center, while acting under the color of law.  He is sued in his individual capacity.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.      Defendant Rodger E. Walker Jr. was at all relevant times acting under color of law as the Director and employed by IDOC. He is responsible for conditions and operations at Stateville Correctional Center. See 730 ILCS 5/3-7-2(a). Defendant Walker is the final policy maker for IDOC. He is sued in his individual capacity.

**ANSWER**:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.      Defendant Melony J. Ford was at all relevant times acting under the color of law as Coordinator/Chairperson of the Administrative Review Board [hereinafter referred to as ARB], works in concert with defendant Walker regarding inmate issues. Defendant Ford is employed by IDOC and she is a decision maker for defendant Walker. She is sued in her individual capacity.

**ANSWER**:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.      Defendant Terry L. McCann was at all relevant times acting under the color of law as Warden of Stateville Correctional Center, and employed by IDOC. He is responsible for the conditions and operations at the facility: See 730 ILCS 5/3-7-2a. Defendant McCann is sued in his individual capacity.

**ANSWER**:      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.      Defendant Tanya Williams was at all relevant times acting unsed the color of law, as physician's assistance at Stateville Correctional Center, is employed by the IDOC and contracted through Defendant Halloran's business, Wexford Health Source, and is being sued in her individual capacity.

4

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.    Defendant Tammy Garcia was at all relevant times acting under color of law, as Grievance Officer at Stateville Correctional Center, employed by IDOC. Defendant Garcia is sued in her individual capacity.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

IV.

FACTUAL ALLEGATION

13.    On August 15, 2006, plaintiff Thomas sustained injuries to his right-ring finger, when his finger was accidently caught in his cell door as it was closing.  Plaintiff Thomas finger became swollen and throbing with pain, achieving comfort and relief by soaking finger in cold water.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14.    Plaintiff Thomas decided to endure the excruciating pain and permit the swelling to go down and it would heal itself.  It was not until the swelling subsided when plaintiff Thomas clearly noticed the deformity of his finger.  The tip of his finger was bent upward and the fingernail engorged with bruised blood, which gave the fingernail a blackened appearance.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Plaintiff Thomas showed his deformed finger to Sgt. T. Jones requesting to see a Medical Technician, plaintiff was assured that a call would be made to the HCU, this was to no avail.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. On Friday, August 25, 2006, at approximately 6:45 p.m., my cell partner, Charles McLaurin's prescribed medication was delivered to the cell by Mrs. Friar, Med Tech. Plaintiff Thomas showed her his injured finger and she stated 'your finger is broken' and assured plaintiff that he will be escorted to the HCU the following day, Saturday.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

V.

COUNT ONE

Defendant's Deliberate Indifference

17. Plaintiff Thomas incorporates by reference paragraphs 1-17 as though fully set forth in Court I.

**ANSWER**: Defendant incorporates by reference his prior responses to paragraphs 1-17, as and for his responses to paragraphs 1-17 herein.

18. On August 26, 2006, plaintiff was taken to the Health Care Unit Emergency Room, plaintiff's finger was examined and evaluated by defendant Williams. Upon observing plaintiff's injured finger she state that 'it appears to be broken.'

Defendant Williams told plaintiff that she was ordering an xray, that on Monday, August 28, 2006, I would be transported to CRC to have my fingered xrayed.

**<u>ANSWER</u>**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19. Stateville Correctional Center does not have on-site radiologist or equipment. If an xray is essential, the inmate is transported to the Classification-Reception Center located just beyond Stateville's perimeter.

**<u>ANSWER</u>**: Defendant admits the allegations contained in this paragraph.

20. Suresh Gondalia, Medical Technician placed a splint on plaintiff's finger. She was convinced after observing it, the deformed the finger was broken.

**<u>ANSWER</u>**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21 Plaintiff patiently awaited to be transported to CRC for an xray in a promptly manner to avoid any further damage to his finger.

**<u>ANSWER</u>**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. On September 4, 2006, plaintiff Thomas was being written to the U of I Hospital in Chicago for a different matter. Prior to leaving the institution, plaintiff requested c/o Hughes, transportation officer, after showing him my finger and stating 'how could I possibly be taken to a hospital and not get my finger xrayed while there', Plaintiff asked c/o Hughes to return to the HCU and ask Dr. Ghosh to order to enable my finger to be xrayed while being at the hospital. He declined, stating that it was not listed in the paperwork that he possessed.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

23. On September 25, 2006, plaintiff Thomas was once again writted to the U of I Hospital in Chicago for further liver diagnosis. Once again, an futile attempt was made to request a transportation officer to either obtain paperwork with Dr. Ghosh, or take me to the Emergency Room at U of I Hospital. Everyone I showed my injured finger to declared that it "was obviously broken" but if they did not have the paperwork, they cannot assist me in this matter.

**ANSWER**: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. The following day, I prepared a Grievance (complaint) and placed it into my counselor's hand. [See Attachments, Thomas' Grievance]. I also prepared a letter to Defendant Ghosh bringing this irregularity to his immediate attention. [See Attachments].

**ANSWER**: Defendant admits that he received a letter from plaintiff, dated September 26, 2006. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

25. On October 9, 2006, Defendant Ghosh wrote a Memorandum to my counselor, Chris Cannon stating that "a pass has been issued to bring the offender to HCU for evaluation". [See Attachment]. The same evening, I received through institutional mail, a pass for lab work regarding my upcoming Hypertension Clinic appointment. The lab pass was for October 10, 2006. [See Attachments].

**ANSWER**:     Defendant admits that on October 9, 2006, he wrote a Memorandum to plaintiff's counselor, Chris Cannon, stating that "a pass has been issued to bring the offender to HCU for evaluation".   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

26.     On October 17, 2006, Defendant Tammy Garcia, Grievance Officer, without any investigation into plaintiff Thomas' claim of being deprived of an x-ray of his injured finger in a timely fashion, conceded with Defendant Ghosh and replied "Per Dr. Ghosh, Medical Director:  A pass has been issued to bring the offender to the HCU for evaluation.  It appears that his grievance has been resolved."  [See Attachments].  In doing so, defendant Garcia acted under the color of law depriving plaintiff Thomas of proper medical care, and violating the Eighth and Fourteenth Amendment in the process.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.     On October 17, 2006, Defendant Terry L. McCann, Warden signed-off on my grievance, stating that he received it on that date and concurred with the Defendant Garcia's decision regarding my blatant denial of prompt and proper medical care. Defendant McCann acted under the color of law, and in his official and individual capacity "duplicated" Defendant Garcia's erroneous response alleging that "the matter has been resolved – being that a pass was issued for plaintiff Thomas".  Neither defendants called, checked or investigated whether or not defendant Ghosh actually provided appropriate medical care to resolve plaintiff Thomas' medical matter. Defendant McCann violated the Eighth and Fourteenth Amendment in the process.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     On October 19, 2006, Chris Cannon, Counselor, somehow responded to plaintiff Thomas' grievance [See Attachments] stating the identical response of Defendant Garcia and McCann.  It is quite clear that Counselor Cannon made his response after Defendants Garcia and McCann response, in direct conflict with the sequence order and criteria.  The Chief Administrator Officer, in this matter, Defendant McCann renders the final decision at Stateville Correctional Center.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.     On October 23, 2006, I appealed the Defendant's decision to the Administrative Review Board for relief.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30.     On October 26, 2006, plaintiff Thomas was escorted to the HCU for lab work (pre-surgery for scheduled transjugular liver biopsy), while at the HCU, he ran into Suresh Gondalia, Med Tech, whom expressed surprise when plaintiff Thomas told her that his injured finger was not x-rayed yet.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31.     On November 27, 2006, plaintiff Thomas was escorted to the HCU for Defendant Ghosh's clinic appointment, regarding his liver ailment.  Plaintiff Thomas told Defendant Ghosh that he had written to him, filed a grievance because his finger is

10

damaged, and fractured. That defendant Williams seen his injured finger on August 26, 2006, and prescribed an x-ray to be taken at CRC. Defendant Ghosh stated that Defendant "Williams cannot order an x-ray for me". Thomas further explained that due to his blatant error stating that he was issuing a pass for me and that he matter is resolved, I was deprived of prompt medical care and resulted in my finger being deformed.

**ANSWER**:     Defendant admits that on November 27, 2006, plaintiff was escorted to the HCU for this defendant's clinic appointment, regarding his liver ailment. Defendant further admits that plaintiff told him that he had written to him, and filed a grievance. Defendant further admits that plaintiff told him defendant Williams had seen his injured finger on August 26, 2006, and prescribed an x-ray to be taken at CRC. Defendant specifically denies the remaining allegations contained in this paragraph.

32.     Plaintiff Thomas asserts that Defendant Ghosh, as each defendant in the aforegoing complaint, has showed deliberate indifference to his medical needs, and acted in the color of law, deprived plaintiff Thomas prompt and proper medical care, violating the Eighth and Fourteenth Amendment in the process.

**ANSWER**:     Defendant denies the allegations contained in this paragraph, as they relate to him. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

33.     On Wednesday, November 29, 2006, plaintiff Thomas was <u>finally</u> transported to CRC to have an x-ray taken of his right ring finger. It took approximately 104 days to obtain an x-ray to determine the damage of my injured finger.

**ANSWER**:     Defendant admits that on November 29, 2006, plaintiff was transported to CRC to have an x-ray taken of his right ring finger. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

34.     Each defendant that observed plaintiff Thomas' right-ring finger automatically felt that his finger was severely damaged as required (non de minimis) to comply with the criteria needed to establish a "serious injury" which defendants showed deliberate indifference to Thomas' medical needs.

**ANSWER**:     Defendant denies the allegations contained in this paragraph, as they relate to him. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

35.     On December 5, 2006, plaintiff Thomas forwarded a letter to Defendant Ghosh regarding the november 29, 2006 x-rays taken of my injured finger. Whether a medical plan or procedure would be initiated in this matter. Plaintiff received no response. (See Attachments).

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36.     On April 27, 2007, plaintiff Thomas received through the institutional mail, the decision regarding the appeal of Grievance #1354. Defendant Melony J. Ford, concurred with Defendant Garcia and McCann's concurrence of Defendant Ghosh's 'erroneous statement' that the matter has been resolved, a pass was sent for plaintiff to be evaluated. In addition, defendant Walker Jr. concurred with Defendant Ford's decision, each defendant's adverse decision blatantly deprived plaintiff Thomas of proper medical care. (See Attachments… letter dated 01-25-07 from Defendant Ford).

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37.    At a minimum, if either defendant would have investigated my claim, rather than take Defendant Ghosh's statement at face-value, they would have easily discovered that 'the matter was not resolved, nor was a pass sent to plaintiff in this regard'.  In fact, plaintiff finger was not x-rayed until November 29, 2006.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.    On March 16, 2007, plaintiff Thomas forwarded a letter to Defendant Ghosh "once again" in an attempt to obtain information regarding the results of the xrays taken on 11-29-06, and whether a plan will be rendered to correct the deformity in plaintiff's finger.  Received no response.  [See Attachments].

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39.    Plaintiff Thomas contends that Defendant Kevin C. Halloran, acted under the color of law, in his official and individual capacity, knew of plaintiff's injury and failed to contact the other defendants involved, after being contacted by plaintiff regarding his damaged finger, attempting to remedy this situation and avoid any possible future damage to plaintiff's finger.

**ANSWER**:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40.    As a result of the defendants' reckless, callous, grossly negligent and exhibited deliberate indifference to plaintiff Thomas' medical needs, and the unnecessary

delay in obtaining an xray, from August 15th up until November 29th, gave cause for

plaintiff to undergo two unsuccessful surgical procedures to reconstruct his right ring

finger.  Plaintiff Thomas finger is presently in a cast.  A third attempt to correct the

deformity is being considered by the orthopedic doctors. SEE ATTACHMENT.  The

surgeries took place on November 5, 2007 and February 25, 2008, performed at the

University of Illinois Hospital in Chicago.

**ANSWER**:     Defendant denies the allegations contained in this paragraph, as they relate

to him.  Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

VI.

Defendant's Knowledge

41.     Plaintiff Thomas incorporates by reference paragraphs 4-40 as though

fully set forth in this Count I.

**ANSWER**:     Defendant incorporates by reference his prior responses to paragraphs 4-

40, as and for his responses to paragraphs 4-40 herein.

42.     Plaintiff Thomas contacted defendant Ghosh on numerous occasions

regarding his erroneous response to plaintiff's grievance requesting an xray.  SEE

ATTACHMENTS.  Records clearly show that defendant Ghosh stated that the offender

will be sent a pass for evaluation, and the matter is resolved.  A pass was not sent,

causing me to endure pain and anguish until November 25, 2006, when I was finally

face-to-face with defendant Ghosh enabling me to show him my deformed finger and

explain that he did not follow-up on ordering an xray to determine the damage of my

finger.

**ANSWER**:     Defendant admits that he received a letter from plaintiff, dated September 26, 2006.  Defendant further admits that on October 9, 2006, he wrote a Memorandum to plaintiff's counselor, Chris Cannon, stating that "a pass has been issued to bring the offender to HCU for evaluation".   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

43.     Plaintiff Thomas contacted defendant Walker Jr. in a letter darted 10-18-06, bringing to defendant Walker's immediate attention the irregularities taken place here at Stateville Correctional Center regarding plaintiff's inability to obtain prompt medical care.  That defendant Walker acted under the color of authority of the law of the State of Illinois, or in active concert with such defendants who are or were so acting when he concurred with their erroneous response to plaintiff's grievance.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44.     Defendant Walker failed to adhere to Section 504.850 of the Illinois Administrative Code, which states in pertinent part; Section 504.850 Appeals

> b.     The Director shall review the grievance and the responses of the Grievance Officer and Chief Administrative Officer and determine whether the grievance requires a hearing before the Administrative Review Board . . . .

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45.     Defendant Walker , Ford, McCann, Ghosh, Halloran and Garcia's inexcusable behavior constitutes deliberate indifference to plaintiff Thomas' medical needs and violating his Eighth Amendment right to cruel and unusual punishment.

**ANSWER**:     Defendant denies the allegations contained in this paragraph, as they relate to him.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

46.     Defendant Kevin C. Halloran, Chief Executive Officer of Wexford Health Sources, Inc. was contacted by plaintiff Thomas in a letter dated 11-06-06 in a last ditch effort in obtaining an xray to determine the extent of damage involving his deformity whether surgery is needed, requested defendant Halloran's assistance in obtaining prompt medical care at a facility that is contracted through his business.  SEE ATTACHMENTS. Defendant Halloran did not respond to plaintiff's communications.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47.     Defendant Melody J. Ford, Chairperson/Coordinator of the Administrative Review Board was contacted by plaintiff Thomas

Defendant Walker Jr. duties and responsibilities as the Director of IDOC includes, but not limited to 730 ILCS 5/3-8-8 which provides as follows:

§ 3-8-8.  Grievances.  (a) The Director shall establish procedures to review the grievances of committed persons.  The Director may establish one or more administrative review boards within the Department to review grievances.  A committed person's right to file grievances shall not be restricted.  Such procedure shall provide for the review of grievances by a person or persons other than the person or persons directly responsible for the condition or actions against which the grievance made.

(b)     Such procedures shall provide that a record of such grievance and any decision made with respect to it shall be preserved for a period of one year.

(c)     Such procedure shall allow committed persons to communicate grievances directly to the Director or some person designated by the Director outside of the institution or facility where the person is confined.

(d)  All committed persons shall be informed of the grievance procedure established by the Department and they shall be available to all committed persons.

(e)  Discipline shall not be imposed because of the grievance procedure.

In accordance with 730 ILCS 5/3-8-8(a) and (c), defendant Walker Jr., and his subordinate defendants, Ford and McCann, were aware of plaintiff Thomas' injury and undue delay of proper medical care, either through communications through the mail or the grievance system in which defendant Walker Jr. has the final judgement. Furthermore, defendant Walker Jr., and defendant Halloran, CEO of Wexford [whom plaintiff Thomas contacted via mail] were joined together through a binding two-year contract. violating plaintiff Thomas' constitutional Eighth Amendment right.

in a letter dated 10-20-06, whereas plaintiff appealed the adverse erroneous decisions of Defendants Ghosh, Garcia, Williams and McCann in compliance with Section 504.850, which states in pertinent part.

Section 504.850   Appeals

a.  If, after receiving the response of the chief Administrative Officer, the offender stills feels that the problem, complaint or grievance has not been resolved to his or her satisfaction, he or she may appeal in writing to the Director within 30 days after the decision.  Copies of the grievance officer's report and chief administrative officer's decision should be attached.

**ANSWER**:  Defendant can make no response to this paragraph as presently plead.

Defendant further denies the allegations contained in this paragraph, as they relate to him.

Defendant is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in this paragraph.

48.     Thus, defendant Ford rendered a decision acting under the color of the law deprived the plaintiff of prompt medical care by 'rubber-stamping' defendants McCann, Garcia, Ghosh and Williams erroneous response to plaintiff's medical needs.  This inexcusable behavior constitutes deliberate indifference to his medical needs and in violation of the Eighth Amendment of the United States Constitution.

**ANSWER**:     Defendant denies the allegations contained in this paragraph, as they relate to him.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

49.     Defendants McCann and Garcia were aware of plaintiff's grievance regarding this matter, and failed to properly review his complaint prior to conceding someone other than themselve's version of events and responses thereto.  Had either defendant simply telephoned defendant Ghosh or the HCU and inquire whether there was a follow-up to my medical needs as Dr. Ghosh proclaimed in his response to my grievance, they would have discovered that I was never seen, and my finger probably would not be as damaged as it presently is.  their actions were deliberate indifference to plaintiff's medical need. while acting under color of law, violated his Eighth Amendment right as guaranteed by the U.S. Constitution.

**ANSWER**:     Defendant denies the allegations contained in this paragraph, as they relate to him.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

50.     At all times relevant herein, Defendants have acted under the color of authority of the law of the State of Illinois or in active concert with such Defendants who are or were so acting.

**ANSWER**:     Defendant denies the allegations contained in this paragraph, as they relate

to him.  Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

VII.

Exhaustion

51.     Plaintiff Thomas filed his initial grievance on September 26, 2006, siad

grievance was numbered as 1354.  Defendant Ghosh responded to the grievance on

October 9, 2006 and the Grievance Officer, Defendant Garcia responded on October 17,

2006, and Defendant McCann did so also on that date.  Counselor Cannon somehow

responded on October 19, 2006 and plaintiff Thomas appealed these adverse decisions on

October 20, 2006 to the ARB.  On January 25, 2007, the ARB denied plaintiff relief, SEE

ATTACHMENTS.

**ANSWER**:     Defendant is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in this paragraph

VIII.

Cause of Action

52.     Plaintiff Thomas support the following claims by reference to the previous

paragraphs of his complaint.

ANSWER:     Defendant denies the allegations contained in this paragraph, as they relate

to him.  Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

19

COUNT I

53.     The deliberate indifference of the defendant Ghosh's blatant denial of

plaintiff Thomas medical need, the three and a half month delay in obtaining an xray to

determine the extent of his injury, resulted in substantial damage to plaintiff's finger,

including, but not limited to, plaintiff's inability to bend his finger, the pain and anguish

involved in undergoing two surgical procedures, and is scheduled for another corrective

surgical procedure

**ANSWER**:     Defendant denies the allegations contained in this paragraph.

54.     Defendant Ghosh prevented plaintiff Thomas from obtaining an xray for

107 days, his erroneous response to plaintiff's grievance was concurred to by all the

remaining defendants, their deliberate indifference to plaintiff Thomas' medical needs

violates the Eighth Amendment of the United States Constitution.

**ANSWER**:     Defendant denies the allegations contained in this paragraph, as they relate

to him.  Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

WHEREFORE, defendant, PARTHA GHOSH, M.D., denies that the plaintiff,

ROBERT THOMAS, is entitled to judgment against him in any amount whatsoever, or

any other relief requested in plaintiff's amended complaint, and asks that the plaintiff's

amended complaint be dismissed and that judgment be entered in his favor on the

remaining pleadings, and that he be granted a judgment for his attorney's fees and costs

in this matter, and for such other relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

20

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1.      This defendant affirmatively states that the plaintiff's amended complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983 involving rights secured by the United States Constitution, as the conduct claimed as actionable does not rise to the standard of seriousness required pursuant to that statute.

2.      To assert a claim for cruel and unusual punishment under the Eighth Amendment of the Constitution the plaintiff must show deliberate indifference to the serious medical needs of a prisoner. **Estelle v. Gamble**, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

3.      In order to properly show a violation of the Eighth Amendment based upon alleged improper medical care it must be shown that the failure to provide proper medical care constituted an unnecessary and wanton infliction of pain or was "repugnant to the consciousness of mankind".

4.      To demonstrate that a prison official was deliberately indifferent to an inmate's serious medical need, the prisoner must show "that the official knew of and disregarded an excessive risk to inmate health".

5.      Plaintiff does not allege facts sufficient to meet the above-mentioned standards, and, as such, has failed to state a cause of action.

### Second Affirmative Defense

6.      At all times relevant herein, this defendant acted in good faith in the performance of his official duties and without violating Robert Thomas' clearly

established statutory or constitutional rights of which a reasonable person would have

known.  Defendant is therefore protected from suit by the doctrine of qualified immunity.

<u>Third Affirmative Defense</u>

8.      Plaintiff's amended complaint is barred, in that plaintiff failed to properly

exhaust his administrative remedies prior to the filing of this litigation, pursuant to **Pavey**

**v. Conley, 528 F. 3d 494(7th Cir.2008).**

**<u>JURY TRIAL DEMANDED</u>**

CHARYSH & SCHROEDER, LTD.

<u>/s/William Michael LeCrone</u>

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois  60602
(312) 372-8338
Michael J. Charysh, ARDC #6187455
William Michael LeCrone, ARDC # 6182862

<u>PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL</u>

The undersigned attorney certifies that on April 22, 2009, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the document referred to therein has also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on April 22, 2009, with proper postage prepaid.

<u>    s/  William Michael LeCrone</u>

23